**Ronald L. LYNN,**

v.

**Carol L. LYNN.**

Supreme Judicial Court of Maine.

Submitted on briefs June 21, 1994.

Decided July 22, 1994.

Ronald L. Lynn, pro se.

Charles A. Abbott, Skelton, Taintor & Abbott, Auburn, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

PER CURIAM.

Ronald L. Lynn appeals pro se from a judgment of the Superior Court (Androscoggin County, *Delahanty, C.J.*) affirming a divorce judgment of the District Court (Lewiston, *Gorman, J.*). Ronald contends that the District Court erred in determining that his ex-wife, Carol, was entitled to a nonmarital share of the couple's former home and that the court abused its discretion with its award to Carol of alimony and attorney fees. We conclude that Ronald's appeal has no merit and impose sanctions against him pursuant to M.R.Civ.P. 76(f).

■ Ronald first contends that the court erroneously determined that a portion of the parties' home was Carol's nonmarital property because (1) both parties contributed to the purchase and maintenance of the property, (2) he supported Carol's children from prior marriages, and (3) Carol's $16,500 investment was "never intended to be" paid back. There is simply no merit to these arguments.

Ronald's assertion that he supported Carol's children is irrelevant to the marital versus nonmarital determination. *See* 19 M.R.S.A. § 722–A(2) (1981). Moreover, the record contains overwhelming evidence that Carol invested $16,500 from a prior divorce settlement in the parties' home and that Ronald made no comparable investment of nonmarital funds. We therefore hold that the court did not err in determining that Carol was entitled to a nonmarital share or in awarding her the property in which the parties had a total equity of about $7,000 at the time of trial. *See West v. West,* 550 A.2d 1132, 1133 (Me.1988) ("Non-marital property must be set apart, and to the extent practicable, transferred to the spouse owning it without the court exercising any discretion.").

■ Ronald next contends that the court abused its discretion in awarding Carol alimony of $600 per month for eighteen months. Ronald contends that this was improper because he did not enjoy a "superior economic position" and did not engage in economic misconduct. These arguments are unsupported by the record and fail to persuade us that the court abused its discretion.

Ronald is an engineer earning a salary of $60,000 and a noncontributing participant in his employer's insurance and retirement plans. Although he received rental income from the parties' former home, he failed to make the mortgage payments, causing the property to go into foreclosure. Carol's annual income rarely exceeded $20,000 and she

has neither a college degree nor any insurance or retirement plan. She served as the principal homemaker during the three and one half year marriage.

It is clear from the judgment that the court meticulously addressed each of the factors set forth in 19 M.R.S.A. § 721(1) (Supp. 1993) before concluding that Carol needed alimony for a period of eighteen months. The court acted within its discretion in making this award. *See Gray v. Gray,* 609 A.2d 694, 698 (Me.1992) ("A divorce court is vested with broad powers to order one spouse to pay alimony to the other if the amount is reasonable and takes into account the paying spouse's ability to pay.").

■ Finally, Ronald argues that the court should not have ordered him to pay seventy-five percent of Carol's attorney fees because (1) "there was no mention of attorney fees and no affidavit filed with the court until after the [trial]," (2) the "highest earner" should not have to pay the "bulk of the counsel fees," and (3) an award of attorney fees is proper only where a party refuses to cooperate in a divorce proceeding. Again, Ronald's arguments have no merit.

■ Ronald fails to understand that the earning capacity of a party to a divorce proceeding may form the basis of an attorney fees award. *See Gray,* 609 A.2d at 699 (divorce court properly based attorney fees award on parties' ability to absorb costs of litigation). In the present case, the court found that Carol was without ability to satisfy her legal fees and that the award of fees "reflects the disparate earnings of the par-

ties." In light of these findings, we hold that the court acted within its discretion in ordering Ronald to pay a portion of Carol's fees. *See id.*

■ It is obvious from the record that Ronald's appeal to this Court is frivolous. The District Court's judgment was thoughtful, well reasoned, and in accordance with Maine law. In contrast, Ronald's brief raises numerous irrelevant points, lacks citations to appropriate legal authority, and distorts the record. Moreover, his appendix does not comply with M.R.Civ.P. 74C. Pursuant to M.R.Civ.P. 76(f), we order Ronald to pay Carol's attorney fees on appeal, as well as treble costs. *See Fleet Bank of Maine v. Hunnewell,* 633 A.2d 853, 854 (Me.1993) (per curiam) (pro se litigant's appeal taken without any reasonable likelihood of prevailing and resulting in increased costs and waste of this Court's resources is subject to Rule 76(f) sanctions).

The entry is:

Judgment affirmed. Plaintiff shall pay treble costs to defendant. Remanded to the Superior Court for a determination of defendant's attorney fees on both the intermediate and this appeal.

All concurring.