**FIRST CITIZENS BANK**

v.

**M.R. DOODY, INC., et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 21, 1995.

Decided Dec. 28, 1995.

Nathaniel M. Rosenblatt, Mitchell & Stearns, Bangor, Richard L. Currier, Currier & Trask, P.A., Presque Isle, for Plaintiff.

L. James Lavertu, Madawaska, for Defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

PER CURIAM.

M.R. Doody, Inc. appeals from the judgment entered in the Superior Court (Aroostook County, *Pierson, J.*) in favor of First Citizens Bank on both the Bank's complaint and Doody's counterclaims in the Bank's action for a deficiency judgment. We are unpersuaded by Doody's contentions that the court erred in granting the Bank's motions for a summary judgment and in concluding that Doody's counterclaims are without merit, and affirm the judgment.

In June 1990, the Bank loaned $28,515.02 to Doody, in return for which Doody pledged as security various equipment and machinery it owned. After Doody allegedly defaulted on the loan, the Bank brought a forcible entry and detainer action in the District Court, 14 M.R.S.A. §§ 6001–6008 (1980 & Supp.1995), in order to take possession of the equipment collateral. The court (Caribou, *Daigle, J.*) held that Doody was in default of the terms of the loan and ordered that it surrender the collateral to the Bank. Doody did not appeal this order.

After the Bank took possession of and sold the equipment and machinery, an outstanding deficiency in the amount of $6,298.56 remained. The Bank brought suit against

Doody in order to recover the deficiency amount.[1] Doody filed a counterclaim seeking, *inter alia*, relief pursuant to M.R.Civ.P. 60(b) from the prior judgment concerning the Bank's default action. Doody alleges that the Bank committed a breach of both the business and personal loan contracts it had entered into with Doody, engaged in slander and harmed Doody's business reputation, tortiously interfered with a business relationship, engaged in bad faith and unfair dealings, and intentionally and negligently inflicted emotional distress on Doody's shareholders.

The Bank's motion for a summary judgment with respect to its complaint was granted by the court. In granting the motion, the court expressly noted that Doody had failed to timely file a statement of material fact in opposition to the Bank's motion. The court subsequently granted the Bank's motion for a summary judgment with respect to all of Doody's counterclaims.

■■■ We review the grant of a summary judgment for errors of law, viewing the evidence before the court in the light most favorable to the party against whom the judgment was entered. *Button v. Peoples Heritage Savs. Bank*, 666 A.2d 120, 122 (Me. 1995). We independently review the record to determine whether there are issues of material fact and whether the prevailing party is entitled to a judgment as a matter of law. *Id.* A party opposing a motion for a summary judgment must come forward with competent and admissible evidence in response to the motion. *Estate of Althenn v.*

*Althenn*, 609 A.2d 711, 714 (Me.1992); M.R.Civ.P. 56(e).

■■ On this record, we cannot say that the trial court erred in granting a summary judgment in favor of the Bank on its complaint. Doody failed to file both a statement of facts as well as a memorandum in opposition to the Bank's motion either within the twenty-one day period required by M.R.Civ.P. 7(c) or within the final extended deadline of January 30, 1994 granted by the court.[2]

M.R.Civ.P. 7(d)(2) requires that a party opposing a motion for a summary judgment file a statement of material facts, complete with appropriate record references, as to which it contends there exists a genuine issue to be tried. Moreover, "[a]ll material facts set forth in the statement required to be served by the moving party, if supported by appropriate record references, will be deemed to be admitted unless properly controverted by the statement required to be served by the opposing party." M.R.Civ.P. 7(d)(2). The court neither erred nor abused its discretion in concluding that Doody failed to comply with the pleading requirements and thus admitted to the Bank's statement of facts.[3] *Guiggey v. Bombardier*, 615 A.2d 1169, 1171 (Me.1992); *Gerrity Co., Inc. v. Lake Arrowhead Corp.*, 609 A.2d 293, 295 (Me.1992).

We also reject Doody's contention that the trial court erred in granting a summary judgment in favor of the Bank on Doody's counterclaims. Our review of the various counts reveals that none of the allegations

---

1. The action was removed to the Superior Court. *See* M.R.Civ.P. 76C.

2. The Bank filed its motion for a summary judgment on its complaint on December 16, 1993. Pursuant to a motion filed January 3, 1994, Doody requested that the deadline for responding to the Bank's motion be extended from January 6 to January 15, 1994. On January 14, 1994, Doody filed an objection to the Bank's motion in which it disclosed that a reply memorandum and statement of facts would "soon follow." On this same date, Doody filed a motion requesting another extension of time until January 30, 1994 to file its reply memorandum and statement of facts.

The court did not act on Doody's motions requesting extensions of time until June 8, 1994, when it granted both extensions. The grants thus retroactively extended Doody's official deadline for responding to the Bank's motion for a summary judgment to January 30, 1994. Not until February 7, 1994, eight days after the last extension sought by Doody, was a memorandum in opposition to the Bank's motion filed. Doody's statement of facts was not filed until February 15, 1994, sixteen days beyond the deadline it requested.

3. We reject Doody's argument, raised for the first time on appeal, that the affidavit of Michael Doody ought to have been construed by the trial court as a statement of material fact.

contained in the counterclaims raise a genuine issue of material fact.

Finally, pursuant to M.R.Civ.P. 76(f), as a sanction in light of Doody's pattern of noncompliance with the Rules of Civil Procedure in the current appeal and its complete lack of merit, we impose against Doody treble costs incurred by the Bank in preparing a supplemental appendix as well as attorney fees in the amount of $300. *St. Hilaire v. Berta,* 588 A.2d 309, 310 (Me.1991); *Estate of Bonin,* 457 A.2d 1123, 1125 (Me.1983).

The entry is:

Judgment affirmed. It is further ordered that M.R. Doody, Inc. pay to First Citizens Bank treble costs and $300 towards its attorney fees.

All concurring.