1997 ME 56

**Robert M. RODRIQUES**

v.

**MAINE STATE RETIREMENT SYSTEM.**

Supreme Judicial Court of Maine.

Argued Feb. 6, 1997.

Decided April 1, 1997.

Anthony A. Trask (orally), Verrill & Dana, Augusta, for plaintiff.

Andrew Ketterer, Attorney General, H. Cabanne Howard, Asst. Atty. Gen. (orally), Augusta, for defendant.

Before ROBERTS, GLASSMAN, RUDMAN, and LIPEZ, JJ.

GLASSMAN, Justice.

[¶ 1] Robert Rodriques appeals from the judgment entered in the Superior Court (Kennebec County, *Calkins, J.*) affirming the decision of the Board of Trustees of the Maine State Retirement System to discontinue his disability retirement benefits. Because we agree with Rodriques that the Board erred by failing to afford him a sufficient medical evaluation of his disability, including conditions related to the right knee injury for which he was originally deemed disabled, we vacate the judgment.

[¶ 2] Rodriques, aged 62, retired from his employment as a prison guard at the Maine State Prison in 1981 following a determination that a work-related injury to his right knee rendered him permanently disabled and entitled him to full disability benefits. He has an eleventh grade education and his prior work experience was in the construction industry. Continuing difficulties with his knee required a series of surgical procedures and the eventual fusion of the knee at a five degree angle. Through the past number of years, Rodriques has attempted to return to work at numerous part-time positions but has been unsuccessful because of his injuries. His required annual report of earnings filed with the Maine State Retirement System disclosed that from 1981 through 1994 he earned $710.38 in 1984, $6411.91 in 1985, $9731 in 1986, $2905.25 in 1987, and $391.07 in 1993, and is presently unemployed.

[¶ 3] In 1994, the executive director of the Maine State Retirement System conducted a periodic review of Rodriques' disability pursuant to 5 M.R.S.A. § 17929(2)(B) (Supp. 1996).[1] This included the consideration of a report of Richard Greenberg, an orthopedic surgeon, the sole examiner of Rodriques for the purposes of the review. Greenberg's report directed to "Dana R. Nowell, Retirement Claims Specialist, Maine State Retirement System" began with the statement: "At your request, I evaluated Robert Rodriques.... The examination was for purposes of determining the continued retirement for reason of disability of his right knee." Although the report notes, "He is also developing some painful changes in his left knee", it also states, "Pertinent physical findings are restricted to his right lower extremity."

[¶ 4] The physical findings reported by Greenberg are summarized as follows: Rodriques has a 2¼ inch difference in length between the right and left legs; no motion in the knee, which is fused; a stiff-legged gait with the knee flexed about five degrees. He cannot squat or move his right knee. Current symptoms are pain when he is on his leg all day with swelling around the knee area, pain on prolonged walking, but he can do a lot of activities around his house, including household chores, mowing the lawn for short periods, driving short distances and walking for only very short periods. The report sets forth the following diagnosis: "This man has long since reached an end result. He has been retired since 1981 and, by virtue of this disability, still remains 100% disabled from doing his regular job. No further treat-

---

1. Title 5 M.R.S.A. § 17929(2)(B) provides in pertinent part:

   **B.** The executive director may require, once each year, that the person undergo examina- tions or tests ... to determine the person's disability....

ments or interventions are available which would improve the patient's condition."

[¶ 5]   Based in part on Greenberg's finding that Rodriques could perform household tasks, the executive director, acting on the recommendation of the Medical Board, notified Rodriques that his benefits were going to be discontinued.   Pursuant to 5 M.R.S.A. § 17451 (1989), Rodriques appealed to the Retirement System Board of Trustees, and the matter was assigned to a hearing officer. Rodriques and his wife appeared and offered the only testimony presented at the hearing. The hearing officer recommended that the executive director's decision be affirmed. The Board subsequently adopted the recommendation of the hearing officer.   In making this evaluation, the Board refused to consider the condition of Rodriques' left knee, stating that "there is no evidence demonstrating the precise nature of the left knee problem or that this condition was directly caused by the right knee condition.   Therefore this condition is not relevant in determining whether Appellant is disabled."   The Board concluded that Rodriques could engage in "substantially gainful activity" pursuant to 5 M.R.S.A. § 17929(2)(B)(1) and was therefore no longer entitled to disability benefits.

[¶ 6]   Pursuant to 5 M.R.S.A. § 11001 *et seq.* (1989) and M.R.Civ.P. 80C, Rodriques filed a complaint in the Superior Court seeking a review of the Board's decision.   Following a hearing, the court affirmed the Board's decision.   From the judgment entered accordingly, Rodriques appeals.

[¶ 7] Rodriques contends that the Board abused its discretion by failing to consider in its evaluation that the pain in his left knee and back, of which he advised Greenberg, is connected to his right knee disability and any deficiency in competent medical evidence to support this connection results from Greenberg's refusal to examine these related conditions.   He argues, as he did before the Board, that these conditions are caused directly by his original right knee disability, are permanent, and render him unable to engage in any substantially gainful activity consistent with his training, education and experience.

[¶ 8] When, as here, the Superior Court acts as an intermediate appellate court, we examine the administrative record directly for an abuse of discretion, error of law or findings unsupported by substantial evidence in the record.   *H.E. Sargent Inc. v. Town of Wells,* 676 A.2d 920, 923 (Me.1996).

[¶ 9]   Title 5 M.R.S.A. § 17929(2)(B)(1) states:

> After the disability has continued for 2 years, the disability must render the person unable to engage in any substantially gainful activity that is consistent with the persons's training, education or experience and average final compensation adjusted [for cost of living increases]. . . .

Chapter 507 of the rules adopted by the Board to clarify and enforce, *inter alia,* section 17929(2)(B)(1) provides, in part:

> A person shall be determined to be unable to engage in any substantially gainful activity if the person lacks the physical or mental capacity, due to the incapacity for which the person was awarded disability retirement benefits, to perform or participate in any activity or activities, tasks or efforts that are or could be performed in such a manner as to generate remuneration in an amount which is consistent with average final compensation.

Me.S.Retirement Systems Rules Ch. 507 (Sept. 28, 1993).

[¶ 10]   The Board in its brief concedes that *Bischoff v. Board of Trustees,* 661 A.2d 167, 169–70 (Me.1995), makes clear that if a connection is established, a recipient of disability retirement benefits can continue to receive benefits on the basis of a limitation that arises from a condition related to the condition for which he was found to be incapacitated.   It contends, however, that Rodriques has not satisfied his burden to establish the connection.

[¶ 11]   Pursuant   to   5   M.R.S.A. § 17929(2)(B), "[t]he executive director may require, once each year, that the [claimant] undergo examinations or tests, conducted in accordance with section 17926. . . ."   Section 17926 states in pertinent part:

> **1.  Agreed upon physician.**  The examinations or tests shall be conducted by a

qualified physician ... mutually agreed upon by the executive director and the member claiming to be disabled.

**2. Agreed upon place.** The examinations or tests shall be conducted at a place mutually agreed upon by the executive director and the member claiming to be disabled.

5 M.R.S.A. § 17926. The statute entitles Rodriques to an independent, objective medical examination of his disability. In the context of a reevaluation, the examination necessarily must include an inquiry into related conditions, such as Rodriques' left knee and back ailments that logically could be related to his original disability. It is apparent from Greenberg's report that he had been instructed to confine his examination to Rodriques' right lower extremity. To the extent that Greenberg failed to explore the left knee and back problems that Rodriques claims are connected to and caused by his original disability, the examination was insufficient for the purposes of section 17926. The Board erred by requiring that Rodriques introduce medical evidence connecting his left knee and back conditions to his fused right knee without first providing him with the complete, objective medical examination contemplated by section 17926. Accordingly, we conclude that a new medical examination is required pursuant to section 17926 for the purposes of the reevaluation of Rodriques' continued eligibility for disability retirement benefits.

The entry is:

Judgment vacated. Remanded to the Superior Court with instructions to remand to the Board of Trustees of the Maine State Retirement System for proceedings consistent with the opinion herein.