1998 ME 13

## Stanwood TINGLEY

v.

## Rosemarie FRAPIER.

Supreme Judicial Court of Maine.

Submitted on Briefs Dec. 12, 1997.

Decided Jan. 15, 1998.

Edward C. Russell, Russell, Lingley & Silver, P.A., Bangor, for Plaintiff.

Schuyler G. Steele, Newport, for Defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

PER CURIAM.

[¶ 1] Defendant Rosemarie Frapier appeals from a judgment of the Superior Court (Penobscot, *Marden, J.*) affirming an order of the District Court (Newport, *Russell, J.*) dismissing her appeal from a judgment of foreclosure for want of prosecution pursuant to M.R. Civ. P. 76F(a). Finding no abuse of discretion, we affirm the judgment.

[¶ 2] The present appeal results from a foreclosure action brought against defendant in June of 1995 with regard to real estate in Dixmont that she mortgaged to plaintiff Stanwood Tingley. After a series of delays and improper filings by defendant, in May of 1996, the District Court granted plaintiff's motion for summary judgment and entered an order of foreclosure. Defendant filed a notice of appeal and ordered a transcript pursuant to M.R. Civ. P. 76F.[1] When, after notice, defendant failed to make payment on her transcript order, and, therefore, failed to produce the transcript within the time required by M.R. Civ. P. 76F, plaintiff moved to dismiss for want of prosecution. The District Court dismissed the appeal, and the Superior Court affirmed the order of dismissal.

[¶ 3] Pursuant to M.R. Civ. P. 76H(d)(2)(B), a party is permitted to include a transcript of the trial court proceedings as part of the record on appeal to the Superior Court. Once defendant requested the transcript, her failure to produce the transcript within the specified time limits became grounds for dismissing her appeal for want of prosecution.[2] Although the power of dismissal is discretionary, on the record before us the District Court acted well within its discretion in dismissing defendant's initial appeal for want of prosecution.

[¶ 4] It is also abundantly clear from the record that defendant's present appeal is frivolous and requires the imposition of sanctions. There is no basis, and defendant offers none, for challenging the District Court's order of dismissal. In the brief filed with us, defendant focuses her entire argument on the analysis of the Superior Court, ignoring the fact that we directly review the trial court's finding when the Superior Court acts as an intermediate court of appeal. *See Estate of Saliba v. Dunning,* 682 A.2d 224 (1996). Due to defendant's pattern of noncompliance with the Rules of Civil Procedure, and the frivolous nature of this appeal, we impose treble costs and attorney fees in the amount of $300 pursuant to M.R. Civ. P. 76(f). *See First Citizens Bank v. M.R. Doody, Inc.,* 669 A.2d 743 (Me.1995); *Lynn v. Lynn,* 644 A.2d 1060, 1062 (Me.1994).

The entry is:

Judgment affirmed. Treble costs and attorney fees in the amount of $300 shall be paid by defendant Rosemarie Frapier, or her attorney, to plaintiff Stanwood Tingley.

---

1. M.R. Civ. P. 76F provides in relevant part:

   "The original papers and exhibits filed in the District Court and a certified copy of the docket entries prepared by the clerk of the District Court, together with any transcript made pursuant to Rule 76H of these rules, shall constitute the record on appeal in all cases."

2. M.R. Civ. P. 76F provides in relevant part:

   "If the appellant fails to comply with the requirements of this rule, the District Court may on motion of any party or on its own initiative, dismiss the appeal for want of prosecution."