STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, ss.                                     CIVIL ACTION
                                                  Docket No. AP-08-06


KATHLEEN KELLEY,

         Petitioner

v.                                                DECISION AND ORDER

MAINE PUBLIC EMPLOYEES
RETIREMENT SYSTEM,

         Respondent


         Pursuant to M.R. Civ. P. 80C, the petitioner seeks judicial review of respondent's

final agency decision to discontinue her disability benefits.    For the following reasons,

the respondent's decision is affirmed.

         Petitioner is 49 years old and was employed with the Department of Motor

Vehicles until she fell and injured her tailbone.  She was awarded disability retirement

benefits in 1990 because of a resulting low back condition.  (R. at 40.2.)  Her benefits

continued after review in 1997.  (R. at 1.11; 1.199.)

         In a 1/5/06 consult, the Medical Board determined that petitioner continued to

have problems with her lower back but that there was "not enough information in the

recent medical records to establish functional limitations."  (R. at 1.35.)  By letter dated

6/5/06, the respondent notified the petitioner that her benefits would be discontinued.

(R. at 1.4.)  In October of 2006, the Medical Board found that the records supported a

continuing back injury but that the petitioner had a "full-time sedentary work capacity."

(R. at 17.83-.84.)  On 10/24/06 and again on 5/31/07, the Deputy Executive Director

affirmed the denial of benefits.  (R. at 9.1; 27.1.)

On 12/28/07, the respondent affirmed the decision of the Deputy Executive Director to discontinue the petitioner's disability retirement benefits. (R. at 40.1-40.5.) The respondent concluded that the records supported "the continued existence of a back injury referred to as 'progressive lumbar spine degenerative disc disease'" but found that the functional limitations were "full-time sedentary work capacity, with eight hours of sitting in an eight-hour workday with freedom to move about as needed." (R. at 40.3.) The respondent identified several occupations from which the petitioner could earn her substantially gainful activity amount. (Id.)

1. Collateral Estoppel

The petitioner argues that because the respondent had previously found in April of 1998, that she was unable to perform any substantial gainful activity because she could only work 4-6 hours with freedom to move about, the respondent is barred from now re-litigating the question of whether she is able to perform any substantial gainful activity. Pursuant to section 17907:

> After disability has continued for 5 years, the disability of the beneficiary must render the beneficiary unable to engage in any substantially gainful activity for which the beneficiary is qualified by training, education or experience.

5 M.R.S. § 17907(2)(B) (2007). If collateral estoppel were applied, the respondent would be unable to perform its statutory obligation to monitor, on an ongoing basis, the condition of disability retirement beneficiaries. 5 M.R.S. § 17907(2)(B); see Button v. Peoples Heritage Sav. Bank, 666 A.2d 120, 122 (Me. 1995). The respondent is not collaterally estopped from litigating the question of whether the petitioner is now able to engage in any substantially gainful activity. If a worker's incapacity ends, benefits terminate. Carr v. Bd. of Trs. of Me. State Ret. Sys., 643 A.2d 372, 376 (Me. 1994).

2

## 2. Independent Medical Review

The petitioner contends that she was entitled to an independent medical review by an objective doctor pursuant to sections 17907(2)(B)(1) and 17903(1). Contrary to the State's argument, the petitioner addressed this argument below. (R. at 30.9; 32.4.)

The statute provides that the "executive director <u>may</u> require, once each year, a recipient of a disability retirement benefit to undergo medical examinations or tests, conducted in accordance with section 17903, to determine the disability of the beneficiary." 5 M.R.S. § 17907(2)(B)(1) (emphasis added); <u>Rodriques v. Me. State Ret. Sys.</u>, 1997 ME 56, ¶ 11, 691 A.2d 1205, 1207 (Retirement System requested the evaluation). An independent medical review is not a matter of entitlement under the statute.

## 3. Cross-Examination of Medical Board

The petitioner next argues that denying her the ability to cross-examine members of the Medical Board was error. She relies on section 9057:

> **4. Prefiling Testimony.** Subject to these requirements, an agency may, for the purposes of expediting adjudicatory proceedings, require procedures for the prefiling of all or part of the testimony of any witness in written form. Every such witness shall be subject to oral cross-examination.

5 M.R.S. § 9057. Section 17106(3)(D) provides:

> The medical board or other physician designated by the board shall, at the request of the executive director, review the file of an applicant for disability retirement and as requested shall respond on any or all of the following . . .
>
> D. Inform the executive director and board in writing of its view as to the existence of a disability entitling an applicant to benefits . . . .

5 M.R.S. § 17106(3)(D).

Pursuant to the statute, the Medical Board is not a third party witness providing expert testimony at a hearing. The Medical Board is designated by the Board of

3

Trustees of the Maine State Retirement System to report directly to the Executive Director and Board of Trustees. See Thomas v. Me. State Ret. Sys., KENSC-CV-07-27 (Me. Super. Ct., Ken. Cty., Apr. 8, 2008) (Jabar, J.). The Medical Board's memorandum was provided in this advisory capacity and is not pre-filed testimony.

### 4. Substantial Evidence

The petitioner argues that because she qualified for ongoing benefits in 1998 and because there was no significant change to her medical condition, the Medical Board and the respondent could not conclude that she no longer qualified in 2006. The determination is not whether petitioner still had a back problem, but whether she was unable to engage in any substantially gainful activity for which she is qualified by training, education or experience.

An agency's factual determinations must be sustained unless clearly erroneous. Imagineering, Inc. v. Superintendent of Ins., 593 A.2d 1050, 1053 (Me. 1991). "A party seeking review of an agency's findings must prove they are unsupported by any competent evidence." Me. Bankers Ass'n v. Bureau of Banking, 684 A.2d 1304, 1306 (Me. 1996). "Inconsistent evidence will not render an agency decision unsupported." Seider v. Bd. of Exam'rs of Psychologists, 2000 ME 206, ¶ 9, 762 A.2d 551, 555; see (R. at 1.57; 1.59; 1.94; 1.125; 17.83-.84.)

The Medical Board determined that the petitioner continued to have problems with her low back but recent medical records did not establish functional limitations. (R. at 1.34-.35.) There is substantial evidence in this record to support the respondent's findings. See, e.g., (R. at 1.83; 1.96; 1.100; 1.128; 6.10.) For example, a 10/31/03 medical note provides that the petitioner "is walking three to six miles daily and lifting weights." (R. at 1.100.) A medical record dated 9/4/02 from Dr. William S. Lambert provides:

4

Socially the patient [petitioner] filled me in on her everyday life activities in Vienna. She is the primary care taker of a semi-invalid elderly "cantankerous" 80+ year-old uncle from her husband's side of the family who lives, eats and sleeps with Kathleen and her husband. She is responsible for all of his meals and transportation. It appears that she gets appropriate help from her husband who is a "good listener" in regard to her emotional venting about this heavy responsibility. Combined with this, her other duties including being a homemaker, spouse, partner, caretaker for a "farm and garden" which have recently been editorially displayed in newspapers and magazines, and an artist. An "escape weekend" is described as going to Monhegan Island with other artists to paint and enjoy the cost [sic]. Although it is difficult, she and her husband do share escape weekends but prior to leaving she must prepare all of the uncle's meals and lay out a detailed written plan of what and what not to do. He has a sixth grade education at best and is somewhat illiterate. On top of all these activities some days she does not have enough physical time or emotional energy to do the exercise program taught to her by Dennis Flanagan.

(R. at 1.83.)

In spite of this history from the petitioner, Dr. Ann. M. Schwink determined on 5/17/04 that the petitioner could not sit or stand for any period of time and could not lift. (R. at 1.94.) The Medical Board determined there was no support in the record for that statement and requested additional information from Dr. Schwink. (R. at 1.38.) Dr. Schwink responded on 7/1/04: "I have not specifically evaluated [the petitioner] in terms of her functional abilities and would refer that evaluation to someone with more expertise on disability issues." (R. at 1.59.) Notwithstanding, on 9/28/04, Dr. Schwink assessed that the petitioner has "chronic low back pain with continued disability related to lumbosacral disc disease." (R. at 1.57.) The respondent was not required to accept that assessment.

The entry is

The Respondent's Decision is AFFIRMED.

Date: August 20, 2008

Nancy Mills
Justice, Superior Court

5

Date Filed __1/29/08__  __Kennebec__  Docket No. __AP08-06__
County

Action __Petition for Review__
80C

J. Mills

Kathleen Kelley                    vs.    Maine Public Employees Retirement Systems

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Charles R. Priest, Esq.<br>31 Grove Street<br>PO Box 5140<br>Augusta, Maine 04332-5140 | Christopher L. Mann, AAG<br>6 State House Station<br>Augusta, Maine 04333-0006 |

| Date of Entry | |
|---|---|
| 1/29/08 | Petition for Review of Final Agency Action, filed. s/Priest, Esq. |
| 2/1/08 | Letter entering appearance, filed. s/Mann , AAG |
| 2/27/08 | Certificate of Administrative Record, filed. s/Wright, Exe. Director **(record in vault)** |
| 3/11/08 | Notice And Briefing Schedule mailed to attorneys of record. |
| 4/7/08 | Brief For Appellant, Kathleen Kelley, filed 4/7/08. s/Priest, Esq. |
| 4/23/08 | Respondent's Response In Opposition To Petition For 80C Review, filed 4/22/08. s/Mann, AAG |
| 5/7/08 | Petitioner's Reply Brief In Support Of Her Position For 80C Review, with attachments, filed 5/5/08. s/Priest, Esq. |
| 8/20/08 | DECISION AND ORDER, Mills, J.<br>The Respondent's Decision is AFFIRMED.<br>Copies mailed to attys. of record<br>Copies to repositories. |