STATE OF MAINE
AROOSTOOK, ss.

DISTRICT COURT
Caribou
Docket No. CARDC-CV-2020-014

CHECKER DISTRIBUTORS )
                     )
        Plaintiff    )
                     )
v.                   )      ORDER ON PLAINTIFF'S MOTION
                     )      FOR SUMMARY JUDGMENT
                     )
AROOSTOOK STITCHES, LLC )
And SUSAN MALEY      )
                     )
Defendants           )

On January 20, 2021, Plaintiff filed a Motion for Summary Judgment related to an alleged credit agreement entered into by the parties. Defendant filed an Opposition to Plaintiff's Motion for Summary Judgment on February 4, 2021. Plaintiff then filed a Reply Memorandum to Defendant's Opposition. A telephonic hearing was held on the Motion, the Opposition to Motion, and the Reply Memo on May 25, 2021   The court has considered the motion, the opposition, and the reply. The following decision is based upon the submissions by the parties and consideration of the arguments presented at the hearing.

Plaintiff filed a complaint against the Defendant regarding a credit agreement. Plaintiff contends that there is an outstanding balance related to that account in the amount of $18147.36, with interest. The Defendant raises issues of lack of subject matter jurisdiction and improper venue.

## STANDARD OF REVIEW

Summary judgment is appropriate when "the record reflects that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573. "'A material fact is one that could potentially affect the outcome of the suit,' and '[a] genuine issue of material fact exists when the evidence requires a fact-finder to choose between competing versions of the truth.' *Farrington's Owners' Ass'n v. Conway Lake Resorts, Inc.*, 2005 ME 93, ¶ 9, 878 A.2d 504.'" *Scott v. Fall Line Condo. Ass'n*, 2019 ME 50, P5. A party seeking to avoid summary judgment must present a prima facie case for the claim or defense that is asserted for which it has the burden of proof. *Flaherty v. Muther*, 32,31 17 A.3d 640.

## DISCUSSION AND FINDINGS

The Plaintiff filed a Complaint in this matter on March 23, 2020. The Defendant was served with this action on August 20, 2020 and filed her answer on September 2, 2020. The court issued a Scheduling Order, dated September 3, 2020, indicating Discovery would be complete by December 31, 2020. On January 20, 2021 the Plaintiff filed a Motion for Summary Judgment with a Memorandum, a Statement of Material Facts, and other Affidavits and Exhibits.

On February 4, 2021 the Defendant filed an Opposition to Motion for Summary Judgment and Motion to Dismiss. The Defendant did not file a memorandum, any supporting affidavits, or any other documents in objection to the motion for summary judgment (other than the included Motion to Dismiss). Defendant's objection does not comply with the format required for an objection to a motion for summary judgment. See, *M.R.Civ.P. 56(h)(2)*. See also, *First Citizens Bank v. M.R. Doody, Inc.*, 669 A.2d 743(Me. 1995). Pursuant to M.R.CIV.P. 56(h)(4), "facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." By failing to comply with the required format for an objection the Defendant has also failed to controvert the facts put forth by the Plaintiff's Motion. Therefore, the court finds there is no genuine issue of material fact in this matter. As such, the Defendant fails in her opposition to the Plaintiff's Motion for Summary Judgment.

Before the court may conclude its consideration of the issue surrounding summary judgment, the court must also address the Defendant's Motion to Dismiss.

In her Motion to Dismiss, the Defendant requests the court dismiss the Plaintiff's action for lack of subject matter jurisdiction and improper venue. The Defendant relies upon a provision of the credit agreement that states "Ohio law, jurisdiction and venue shall apply to any litigation, action, dispute, or proceeding arising out of or in conjunction with this agreement." This clause is known as a forum selection clause. "Forum selection

3

clauses are prima facie valid and generally are enforceable unless the result would be unjust or would contradict the forum's public policy" *Nelson v. CGU Ins. Co. of Can. 2003 U.S. Dist. LEXIS 5924, at 5-6 (Me. Apr. 10, 2003).* Both parties were privy to the credit agreement, so at first blush it appears as if this court should hold both to the contractual clause requiring all matters related to the credit agreement be litigated in Ohio. Nonetheless, a closer look is warranted.

At the time the credit agreement was entered into, the Defendant was a Maine business situated in Aroostook County, Maine, owned by an Aroostook County, Maine resident and the agreement was signed by her in Maine. But for the forum selection clause, Maine clearly has jurisdiction to address this action. In addition, Maine clearly is a convenient forum for the Defendant.

By filing the action in Maine, the Plaintiff sought to bring the action in a court that not only had personal jurisdiction over the Defendant, but one that was a more convenient forum for her than an Ohio court. Usually this type of forum selection clause favors the Plaintiff (and this one certainly did inasmuch as the Plaintiff did business in Ohio). However, the Plaintiff elected to bring the action to the Defendant rather than require the Defendant to litigate in a court away from her home.[1]

---

[1] The court is aware the Defendant has since moved to Texas, but the court does not find that fact relevant to its considerations herein.

The Plaintiff could have brought the action in Ohio. In keeping with the forum selection clause, the Plaintiff should have brought the action in Ohio. Nevertheless, the Plaintiff brought the action to Maine. An action should only be dismissed if the "ends of justice strongly militate in favor of relegating the plaintiff to an alternative forum," *MacLeod v. Macleod, 383 A.2d 39, 41 (Me. 1978)*. In consideration of fairness and public policy the court determines Maine still retains subject matter jurisdiction and is a proper venue. To rule otherwise would be unjust. It would not make sense for the court to determine Maine an improper forum or lacking subject matter jurisdiction under the facts of this case. It would be in the interest of public policy to encourage creditors to litigate in the jurisdiction where the debtor lives. Even in the face of a forum selection clause Maine should retain jurisdiction if the debtor has such sufficient contacts to Maine as this Defendant did. As such, the Defendant's Motion to Dismiss is Denied.

Since the court has denied the Defendant's Motion to Dismiss, it may once again look to the Plaintiff's Motion for Summary Judgment. As set forth above, the court determines the Defendant has failed in her opposition to the Plaintiff's Motion.

In furtherance thereof, the Plaintiff's Motion for Summary Judgment is Granted as to both Aroostook Stitches LLC and Susan Maley. The clerk is directed to enter Judgment as follows: Judgment for Plaintiff Checker Distributors against Aroostook Stitches, LLC and against Susan Maley in the amount of $18,147.36 plus pre-judgment interest at the rate of 23.41 percent per annum, and costs.

The Clerk is directed to enter this order upon the civil docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

DATED: May 25, 2021

Judge
Maine District Court