STATE OF MAINE                              SUPERIOR COURT
CUMBERLAND, ss.                             CIVIL ACTION
                                            DOCKET NO. CV-19-39

ROBERY L. CONNARY, *et al.,*        )
                                    )
            Plaintiffs,             )
                                    )
                                    )        ORDER ON DEFENDANTS' MOTION
    v.                              )        FOR SUMMARY JUDGMENT
                                    )
RICHARD A. SHEA, *et al.,*          )
                                    )
            Defendants.             )

Before the Court is Richard A. Shea, Dennis G. Shea, and William P. Shea's (collectively,

"Defendants") Motion for Summary Judgment. For the reasons set forth herein, the motion in

GRANTED.

## FACTUAL BACKGROUND

On July 3, 2003, Patricia and William Shea created the Shea Family Living Trust (the

"Trust"). (Defendants' Statement of Additional Material Facts ("Def. S.A.M.F.") ¶ 1.) Among

other assets, the Trust contained stock in Siwooganock Bank. (Def. S.A.M.F. ¶ 5.) The bank stock

was to be distributed in equal shares to Patricia Shea's nieces and nephews upon the death of the

survivor of Patricia and William. (Def. S.A.M.F. ¶ 5.) William died in August 2006. (Def.

S.A.M.F. ¶ 7.) In October 2006, Siwooganock Bank redeemed its stock. (Def. S.A.M.F. ¶ 8.)

Patricia died in November 2018. (Def. S.A.M.F. ¶ 10.) The successor trustee, Richard Shea,

distributed all of the Trust assets except the bank stock, which he determined was no longer in any

Trust account and could not be distributed to Plaintiffs. (Def. S.A.M.F. ¶¶ 11-14.)

Plaintiffs are Patricia Shea's nieces and nephews: Robert L. Connary, Susan E. Napolitano,

Patricia A. Narducci, James C. Clark, Margaret A. Gillett, and Eric R. Clark. Defendants are the

1

REC'D CUMB CLERKS OFC
FEB 10 '23 PM2:14

sons of William Shea. Plaintiffs filed their Second Amended Complaint on October 1, 2019.[1] On March 31, 2020, the Superior Court (Cumberland County, *Stewart, J.*) granted partial summary judgment for Defendants, holding that the bank stock was a specific devise that had adeemed with the forced sale. *Connary v. Shea*, CV-19-39, slip. op. (Me. Super. Ct., Cum. Cnty., Mar. 31, 2020). To enable an immediate appeal to the Law Court, the parties agreed to a stipulated final judgment. The Law Court agreed that the bank stock was a specific devise that had adeemed, but it remanded as to the issue of reformation. *Connary v. Shea*, 2021 ME 44, 259 A.3d 118. On May 2, 2022, Defendants moved for summary judgment as to the issue of reformation.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper when review of the parties' statements of material fact and the record evidence to which they refer, considered in the light most favorable to the nonmoving party, indicates that there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Remmes v. The Mark Travel Corp.*, 2015 ME 63, ¶ 18, 116 A.3d 466. A fact is material if it has the capacity to affect the outcome of the case. *Lewis v. Concord General Mut. Ins. Co.*, 2014 ME 34, ¶ 10, 87 A.3d 732. An issue is genuine if the factfinder must choose between competing versions of the truth. *Id.* Summary judgment may be used to "isolate a question of law which will be dispositive of the case." *Magno v. Freeport*, 486 A.2d 137, 141 (Me. 1985).

## DISCUSSION

---

[1] The Second Amended Complaint includes nine counts: (1) breach of fiduciary duty and replacement of trustee Richard Shea, (2) interpretation and/or reformation of the Trust, (3) breach of fiduciary duty and money damages, (4) injunctive relief avoiding disbursements, (5) return of distributions, (6) breach of fiduciary duty by conversion of trust assets, (7) breach of duty of impartiality, (8) breach of duty of loyalty, and (9) breach of duty to protect beneficiaries' interests.

2

"Reformation is an equitable remedy by which an instrument may be corrected when a mistake is discovered so as to reflect the real intention of the parties." *Jordan v. Shea*, 2002 ME 36, ¶ 18, 791 A.2d 116. Pursuant to 18-B M.R.S. § 415, courts may reform even unambiguous trust terms to conform with a settlor's intention if a party can prove by clear and convincing evidence that both the settlor's intent and the trust terms were affected by a mistake of fact or law. Plaintiffs seek reformation on the basis that Patricia intended the stock to be a general devise, not a specific devise, such that her nieces and nephews would receive the proceeds of the sale of the stock. Plaintiffs argue that this was a mistake that existed at the time the Trust was formed. Defendants argue that they are entitled to summary judgment because Plaintiffs' claim is based not on a mistake, but on a change of circumstances for which reformation is unavailable as a matter of law, and because Plaintiffs lack admissible evidence necessary to prove their case. The Court need not decide whether this case involves a mistake or a change of circumstances because the evidentiary issue is dispositive.

"A party opposing a motion for a summary judgment must come forward with competent and admissible evidence in response to the motion." *First Citizens Bank v. M.R. Doody, Inc.*, 669 A.2d 743, 744 (Me. 1995). If a party "cannot identify admissible evidence that establishes an actual factual dispute," a trial is not warranted. *Stanley v. Hancock County Comm'rs*, 2004 ME 157, ¶ 19, 864 A.2d 169. Plaintiffs have not identified admissible evidence to support their claim that Patricia's intent or the Trust terms were affected by a mistake. To prove a settlor's intent, a party may introduce extrinsic evidence of the objective facts and circumstances that existed when the trust was formed. *Morrill v. Morrill*, 1998 ME 133, ¶ 4, 712 A.2d 1039; *Ziehl v. Me. Nat'l Bank*, 383 A.2d 1364, 1373 (Me. 1978). A party may not introduce hearsay statements of a testator to prove testamentary intent, even if those statements would otherwise be admissible under M.R.

3

Evid. 803(3). *Estate of Utterback*, 521 A.2d 1184, 1187-88 (Me. 1986). The Law Court has held that such evidence is "almost always self-serving and rarely objective." *Id.* at 1188.

Plaintiffs seek to present hearsay statements Patricia allegedly made to her family members and the attorney who drafted the Trust document. Such statements are inadmissible to prove Patricia's intent. *Utterback*, 521 A.2d at 1187-88. Plaintiffs' evidence is thus insufficient to create an issue of material fact. The only admissible evidence of Patricia's intent that has been presented to the Court is the Trust document itself. The Law Court has held that the Trust document "reflects a 'plain and clear' intent by William and Patricia to create a specific gift of the Bank stock." *Connary*, 2021 ME 44, ¶ 18, 259 A.3d 118. Without admissible evidence contradicting that plain and clear intent, Plaintiffs cannot prove the existence of a mistake of fact or law, and Defendants are entitled to summary judgment.

**Entry is:**

Defendants' Motion for Summary Judgment is Granted. The clerk is directed to incorporate this order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: 2/10/23

_____
John O'Neil Jr.
Justice, Maine Superior Court

Entered on the Docket: 2/11/2023

2/13/23  Given this ruling all
exciting motions/ claims for
relief are denied
Au Moot
I Ko

Entered on the Docket: 2/15/2023