Paulette Parker, Bowie & Parker, Portland, Me., for defendant.

**ALL HIT RADIO, INC., Plaintiff,**

**v.**

**COMMUNICATIONS BROADCASTING AFFILIATES, INC., Defendant.**

**Civ. No. 83–0322 P.**

United States District Court, D. Maine.

May 30, 1984.

## MEMORANDUM OF OPINION

GENE CARTER, District Judge.

In December of 1982, All Hit Radio, a limited partnership, entered into an agreement with Defendant to provide it with certain radio programming. Plaintiff herein purports to be the successor in interest to the partnership. It sued Defendant for breach of the agreement and to replevin certain format materials provided by it to Defendant. Plaintiff moved for summary judgment on the issue of liability. Defendant moved to dismiss for failure to state a claim and failure to join indispensable parties or prosecute the case in the name of the real party in interest.

The Honorable D. Brock Hornby, United States Magistrate, recommended in his Report and Recommended Decision dated April 25, 1984, that all the motions be denied. Plaintiff timely filed an objection to the Magistrate's recommendation that its motion for partial summary judgment be denied. Defendant did not object to the Magistrate's recommendation that its motions be denied.

The Court has reviewed the Magistrate's Report and Recommendation, the docket, and the relevant law. The Court accepts the Magistrate's Report and Recommendation as to the denial of Defendant's motions, and, for the additional reasons stated below, it also accepts the Magistrate's Report and Recommendation as to the denial of Plaintiff's motion for summary judgment. *See* 28 U.S.C. § 636(b)(1).

The contract document on which Plaintiff bases its claim consists of seven pages. The first two pages consist of the core of the agreement, and page 2 has been executed by both parties. Pages 3 through 6 contain numbered paragraphs under the heading "Additional Terms." Page 6 contains a signature line for the radio station (here, Defendant), but this is blank. The seventh page is entitled "Schedule 'A'" and has been executed by both parties. Page 2 of the contract contains a merger clause purporting to integrate all of the pages into the contract. The same clause purports to make the writing the sole evidence of the agreement. Danny C. Lennon, secretary of Defendant and signatory of the contract document, has testified by affidavit that he did not sign pages 3 through 6 of the contract document because the terms on those pages did not accurately reflect his understanding of the agreement.[1] The same affidavit contains testimony regarding terms of the agreement that do not appear in the written document and that are said to have been made orally prior to its execution.

Plaintiff contends that the seven page document is an integrated agreement and that the parole evidence rule thus bars any evidence of inconsistent terms. *See Interstate Industrial Uniform Rental Service, Inc. v. F.R. Lepage Bakery,* 413 A.2d 516, 519 (Me.1980). The Magistrate concluded that given Mr. Lennon's affidavits, there was a genuine issue of material fact as to whether the contract was partially or totally integrated. Plaintiff contends that whether a contract is integrated is a matter of law, and that the question must be determined "in large part, within the four corners of the contract." Plaintiff concludes from this that whether a contract is integrated cannot be a question of material fact unresolvable on a summary judgment motion.

■ Plaintiff's attack is based on semantics. While it is true that the determination of whether an agreement is totally or partially integrated is a matter of law, *see Interstate Industrial Uniform Rental Services, Inc. v. F.R. Lepage Bakery,* 413 A.2d at 519; *Restatement (Second) of Contracts* § 210(3) (1981), that determination may depend on the existence of prior oral agreements or the substance of prior negotiations. *Astor v. Boulos Co., Inc.,* 451 A.2d 903, 905 (Me.1982) (citing *Interstate Industrial Uniform,* 413 A.2d at 519, and *Restatement (Second) of Contracts* § 214 (1981)). Disputes over the existence of a binding agreement or the substance of negotiations present classic issues for the factfinder. *See* 10A C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 2730.1 at 286–88 & n. 18 (2d ed. 1983). Denial of Plaintiff's motion for summary judgment on the grounds given by the Magistrate is entirely appropriate.[2]

■

---

**1.** The affidavit of October 11, 1983, actually states that he refused to sign pages 2 through 6. As the Magistrate noted, this appears to be a typographical error because it is admitted that Mr. Lennon signed page 2.

**2.** Plaintiff attempts to separate its replevin claim from the others, asserting that the agreement in the executed part of the contract concerning Plaintiff's licensing the materials to Defendant for six months bars any claim by Defendant that Plaintiff had agreed the materials would belong to Plaintiff at the end of those six months. This position is also dependent on the existence of at least a partially integrated contract. The evidence Plaintiff would seek to bar from consideration is admissible on that latter point.