**Robert W. GAYER, et al.**

v.

**BATH IRON WORKS CORPORATION.**

Supreme Judicial Court of Maine.

Argued Oct. 8, 1996.
Decided Dec. 23, 1996.

Jed Davis (orally), Linda Christ, Jim Mitchell & Jed Davis, P.A., Augusta, for Plaintiffs.

Laura M. O'Hanlon (orally), Mark L. Haley, Conley, Haley & O'Neil, Bath, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

RUDMAN, Justice.

The plaintiffs are seventeen apprentice employees of Bath Iron Works Corporation, who were discharged several days before their apprenticeships were to begin, and the spouses of three of the employees. In an eight count complaint filed in the Superior Court they contend that BIW's termination of the apprenticeship program constituted a breach of the apprentices' employment contracts, misrepresentation, negligence, interference with advantageous business relationship, infliction of emotional distress on both the apprentices and their spouses, and loss of consortium. The Superior Court (Kennebec County, *Alexander, J.*) granted BIW's motion for a summary judgment on all counts of the plaintiffs' amended complaint. The apprentices appeal the entry of a summary judgment on all counts except that of interference with advantageous business relationship. We affirm in part and vacate in part.

The factual basis for the complaint is summarized as follows. In May and June of 1994, BIW advertised throughout the state the availability of positions in their Production Apprenticeship program. On October 20 and 21, 1994, BIW notified twenty-six applicants for the program that they had been selected as apprentices.[1] On October 31, 1994, the new apprentices underwent pre-employment physical examinations and signed several documents[2] in advance of November 7, 1994, the date their employment was to commence. On October 31 and No-

---

1. Twelve BIW employees were also selected to participate in the apprenticeship program. None of the twelve are parties to this litigation.

2. The apprentices signed a "probationary form," which defined the terms and length of their pro-

bationary status at BIW. They also signed an I.N.S. "I–9" immigration form, a post-hire E.E.O./Veteran information form, and a BIW post-hire data form.

vember 1, 1994, BIW decided to terminate the apprenticeship program. The apprentices were all advised on either November 3 or 4 that BIW would not be proceeding with the apprenticeship program and that the apprentices would not be starting work on November 7.

*Standard of Review*

■ We review the entry of a summary judgment for errors of law, viewing the evidence in a light most favorable to the party against whom the summary judgment was entered. *Lynch v. Ouellette,* 670 A.2d 948, 949 (Me.1996). We undertake an independent review of the record to determine if there is a genuine issue of material fact and if the moving party was entitled to a judgment as a matter of law. *First Citizens Bank v. M.R. Doody, Inc.,* 669 A.2d 743, 744 (Me.1995).

## I. Breach of Contract Claim

■ The apprentices' first challenge is to the entry of a summary judgment in favor of BIW on the issue of the existence of an employment contract between the apprentices and BIW. The apprentices contend that the probationary form they signed is an employment contract binding on BIW and that in his deposition testimony the Section Manager of the Employee Development Department acknowledged that the apprentices were hired for a four year term of employment. At oral argument before this Court, BIW conceded that a contract existed between BIW and the apprentices but contended that the contract did not limit BIW's power to discharge the apprentices for any reason.

The apprentices argue that there is sufficient evidence in the record to overcome a summary judgment on the issue of a fixed-term employment contract between BIW and the apprentices. We agree. Each apprentice submitted an affidavit attesting that BIW officials had informed them that their employment would continue as long as their school work was completed satisfactorily. BIW does not contradict these assertions.

■ There is a material dispute as to the terms of the apprentices' employment contract; namely, BIW's ability to terminate the apprentices' employment. The existence of a material dispute of fact makes the entry of a summary judgment on the apprentices' contract claims inappropriate. The apprentices should have been given an opportunity to prove the terms of their contract with BIW. In the instant case, the court made no finding as to the degree of integration of the written contract and thus did not properly weigh the admissibility of parol evidence as to the contract terms. "While it is true that the determination of whether an agreement is totally or partially integrated is a matter of law ... [d]isputes over the existence of a binding agreement or the substance of negotiations present classic issues for the factfinder." *Harriman v. Maddocks,* 518 A.2d 1027, 1030 (Me.1986) (*quoting All Hit Radio, Inc. v. Communications Broadcasting Affiliates, Inc.,* 101 F.R.D. 765, 766 (Me.1984)).

Viewing the evidence in a light most favorable to the apprentices, the record presents sufficient evidence of a contract for employment for a fixed term with discharge only for cause to withstand a motion for a summary judgment. *Endre v. Niagara Fire Ins. Co.,* 675 A.2d 511, 513 (Me.1996). *See also Buchanan v. Martin Marietta Corp.,* 494 A.2d 677 (Me.1985) (jury reasonably found contract for employment for a fixed term until retirement arose out of inferences drawn from plaintiff's uncontroverted testimony as to oral representations made to plaintiff by defendant employer); *Terrio v. Millinocket Community Hosp.,* 379 A.2d 135 (Me.1977) (evidence of retirement plan, employee handbook and oral assertions from employer of employment until retirement sufficient to support jury finding of employer's breach of oral employment contract). Given the existence of a genuine issue of material fact, BIW was not entitled to a judgment as a matter of law, and a remand for a trial on the issue of the scope of the employment contract between BIW and the apprentices is warranted. *First Citizens Bank v. M.R. Doody, Inc.,* 669 A.2d 743, 744 (Me.1995).

## II. Tort Claims

### A. Misrepresentation

■ The apprentices also challenge the grant of a summary judgment in favor of BIW on their claim of negligent misrepresentation. A defendant who,

> in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary losses caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*Chapman v. Rideout,* 568 A.2d 829, 830 (Me. 1990).

■ We find competent evidence in the record on which a factfinder could conclude that BIW knew at the time that offers were made to the apprentices that it would not be hiring outside applicants to the apprentice program. The apprentices rely on the deposition testimony of Kevin Gildart, Assistant to the President of BIW. Gildart testified that he was aware on October 31, 1994, the date on which the apprentices were hired, that BIW "did not intend to hire any employees from the outside." Gildart further testified that certain BIW officials, "within a few weeks just prior to October 31st, brought a lot of focus to the need not to add any people to the payroll." Gildart acknowledges a contractual obligation extending at least from June 1994, the date of BIW's most recent labor contract, to rehire former employees on "recall status" before hiring new outside employees. Gildart's testimony presents sufficient evidence that BIW failed "to exercise reasonable care or competence in obtaining or communicating the information" on which the apprentices relied as to withstand a motion for a summary judgment.

### B. Negligence

■ The apprentices next contend that the trial court erred in granting a summary judgment in favor of BIW on the issue of BIW's negligence. A negligence cause of action requires the establishment of a duty on the part of the defendant toward the plaintiff, a breach of that duty, and an injury suffered by the plaintiff as a result of that breach. *Parker v. Harriman,* 516 A.2d 549, 550 (Me.1986). The existence of a duty is a question of law. *Joy v. E.M.M.C.,* 529 A.2d 1364, 1365 (Me.1987) (citations omitted).

■ The apprentices argue that BIW had a duty to ensure the availability of their employment positions. "In the absence of provisions to the contrary, an employment contract does not imply an undertaking of the employer to stay in business and to continue operations or to furnish any minimum amount of employment, or indeed any employment at all." *Rowell v. Jones & Vining, Inc.,* 524 A.2d 1208, 1211 (Me.1987) (*quoting Karcz v. Luther Mfg. Co.,* 338 Mass. 313, 155 N.E.2d 441, 445 (1959)). BIW had no duty to maintain employment for the apprentices apart from any contractual obligation. The trial court properly granted a summary judgment in favor of BIW on the negligence count.

### C. Infliction of Emotional Distress

■ The apprentices and the spouses also argue that the court erred in granting a summary judgment in favor of BIW on the issue of negligent infliction of emotional distress. Recovery for negligent infliction of emotional distress is premised on the existence of an underlying tort or, in limited circumstances, contract breach.[3] The limited contract actions that we have stated can support an emotional distress claim are not present here. In order to prevail on a claim of negligent infliction of emotional distress, the

---

3. "As a general rule, in order to recover for mental or emotional distress suffered as a result of a breach of contract, the plaintiff must suffer some accompanying physical injury, or the contract must be such that a breach of it will result in a serious emotional disturbance, such as contracts between carriers and innkeepers, contracts for the carriage or proper disposition of dead bodies, and contracts for the delivery of messages concerning death." *Marquis v. Farm Family Mut. Ins. Co.,* 628 A.2d 644, 651 (Me.1993) (*citing Rubin v. Matthews Int'l Corp.,* 503 A.2d 694, 696 (Me.1986)).

plaintiff must prove by a preponderance of the evidence

one, that the defendant was negligent, that is that the defendant acted or failed to act in a manner which a reasonably prudent person or corporation would act in the management of their affairs taking into account all of the circumstances of this case; two, that emotional distress to the plaintiff was a reasonably foreseeable result of the defendant's negligent act; and, three, that the plaintiff suffered serious emotional distress as a result of the defendant's negligence.

*Packard v. Central Maine Power,* 477 A.2d 264, 268 (Me.1984). We have said that serious emotional distress exists "where a reasonable person normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the event." *Rowe v. Bennett,* 514 A.2d 802, 805 (Me.1986).

 On the record before us, we cannot conclude as a matter of law that a factfinder could find BIW liable for negligent infliction of emotional distress. *Salley v. Childs,* 541 A.2d 1297, 1300 (Me.1988). None of the apprentices offer evidence sufficient to sustain a claim of negligent infliction of emotional distress. The apprentices as the nonmoving parties were required to submit "competent and admissible evidence" in response to BIW's motion for a summary judgment, and because the apprentices would have the burden of proof at trial they were further "required to produce evidence sufficient to resist a motion for a directed verdict if [they] produced at trial nothing more than was before the court on the motion for summary judgment." *Estate of Althenn v. Althenn,* 609 A.2d 711, 714 (Me. 1992). Although the spouses have adduced evidence of emotional harm, they are indirect victims. We decline to extend liability for emotional distress to these indirect victims. *See Cameron v. Pepin,* 610 A.2d 279 (Me. 1992). We affirm the entry of summary judgment on the negligent infliction of emotional distress claims.

#### D. Loss of Consortium

 The spouses also challenge the entry of a summary judgment in favor of BIW on their loss of consortium claims. "For centuries courts have recognized a [spouse's] right to recover damages for the loss of consortium when a tortious injury to [the other spouse] detrimentally affects the spousal relationship. *Macomber v. Dillman,* 505 A.2d 810, 813 (Me.1986). A psychic or physical injury suffered by a spouse can be sufficient to support a claim for loss of consortium. *Roche v. Egan,* 433 A.2d 757, 765 (Me.1981). As we remand on the issue of negligent misrepresentation, we conclude that the court improperly entered a summary judgment in favor of BIW on the loss of consortium claims.

#### E. Punitive Damages

 "Punitive damages are available if the plaintiff can establish by clear and convincing evidence that the defendant's conduct was motivated by actual ill will or was so outrageous that malice is implied." *Fine Line, Inc. v. Blake,* 677 A.2d 1061, 1065 (Me.1996). We find nothing in the record that would support a claim for punitive damages and therefore affirm the entry of a summary judgment on that count of the plaintiffs' complaint.

The entry is:

Summary judgment in favor of Bath Iron Works Corporation on Counts 3, 5, 7 and 8 of the plaintiffs' amended complaint is affirmed. Summary judgment in favor of Bath Iron Works Corporation on Counts 1, 2, and 6 of the plaintiffs' amended complaint is vacated. Remanded for further proceedings consistent with this opinion.

All concurring.