STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-11-75
TDW — ᠆UM ᠆6 ᠆᠆᠆

ARTHUR POWERS,

Plaintiff

v.

ORDER

NASH EQUIPMENT INC., et al,

Defendants

STATE OF MAINE
Cumberland, ss, Clerk's Office

JUN 20 2012

RECEIVED

Before the court are motions for summary judgment by defendants Nash Equipment Inc., Susan Nash, and Toby Veno and a motion for partial summary judgment by defendant Eddie Nash & Sons, Inc.

This case arises from the attempted repossession on February 12, 2010 of an excavator from plaintiff Arthur Powers by Toby Veno – alleged to have been acting as an agent for Nash Equipment Inc. ("Nash Equipment"), Eddie Nash & Sons ("Nash & Sons"), and Susan Nash. The basis of defendants' alleged right to the excavator was that Nash & Sons had sold the excavator to Clinton Goodwin in May 2002 and had filed a UCC-1 financing statement at that time. Nash & Sons had also filed a second UCC-1 financing statement naming Clinton Goodwin as the debtor in August 2003. In December 2002, however, before the second UCC-1 was filed, Goodwin had sold the excavator to Powers.

When he came to Powers's residence to repossess the excavator on February 12, 2010, Veno, accompanied by a deputy sheriff who stated that his role was to keep the peace, advised Powers that he was going to take the excavator. Veno also allegedly defamed Powers by stating or implying that Powers was a thief. Powers alleges that

although he did not agree to the repossession, he agreed under protest to deliver the excavator to Veno's residence in exchange for $1000, which defendants never paid him.

Two days after delivering the excavator, Powers brought an action to recover the excavator in the West Bath District Court. Powers v. Nash Equipment Inc., SA-10-44 (West Bath District Court). That court (Tucker, J.) ruled that the first UCC-1 financing statement had expired by the time of the attempted repossession, that the second UCC-1 financing statement did not extend the first filing, and that the second UCC-1 financing statement – filed after Goodwin had sold the excavator to Powers – was not effective as against a party who did not have knowledge of the security interest. Accordingly, the District Court issued a writ of possession to Powers.[1] Powers recovered the excavator in late July 2010, more than five months after he had originally surrendered it.

Powers then brought this action for conversion, breach of contract, defamation, intentional infliction of emotional distress, violation of the Maine Civil Rights Act, violation of 42 U.S.C. § 1983, and negligence.

Veno, Nash Equipment, and Susan Nash are now seeking summary judgment on all counts of the complaint. Nash & Sons is seeking summary judgment on all counts of the complaint except the claim for breach of contract. Both defendants alternatively seek summary judgment with respect to Powers's claims for punitive damages. For his part, Powers concedes that the claim for intentional infliction of emotional distress is subject to dismissal but contests the motions for summary judgment in all other respects[2]

---

[1] The District Court's decision was subsequently upheld by the Law Court in Powers v. Nash Equipment Inc., Docket No. SAG-10-491, Mem. Dec. 11-10 (February 1, 2011).

[2] He also argues that, even though he has withdrawn his claim for intentional infliction of emotional distress, he is entitled to damages for emotional distress on some of his other causes of action.

2

## 1. Summary Judgment

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., Johnson v. McNeil, 2002 ME 99 ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

## 2. Agency Status of Veno

The initial issue is whether Powers is entitled to sue Veno. Although the parties disagree as to whether Veno was acting as an agent of Nash Equipment, Nash & Sons, and/or Susan Nash herself, it is not disputed that he was acting as an agent of at least one or more of the other defendants.

Even though Veno's agency status is not contested, that does not absolve Veno of liability for the tort claims brought by Powers. An agent is subject to liability notwithstanding his agency status and even though he is acting within the scope of his authority as an agent. Restatement (Third) Agency § 7.01 (2006).

The remaining issue is whether Powers is entitled to pursue Veno for breach of the alleged contract to pay him $1000 for agreeing to deliver the excavator rather than

3

requiring them to arrange for its removal. Veno and the other defendants contend that in all his dealings with Powers, Veno was acting as an agent of Nash & Sons. Powers, however, has offered evidence that when Veno arrived at the Powers residence on February 12, 2010, Veno said he was there for Nash Equipment. According to Powers at his deposition, Veno talked to Susan Nash while he was at the Powers residence and told Powers he was authorized to offer Powers $1000 for delivering the excavator.

On the record before the court, the court concludes that with respect to the alleged contract, it is undisputed that Veno disclosed that he was not acting as a principal but as an agent. While there are disputed issues of fact as to whether Veno was acting on behalf of Nash & Sons or Nash Equipment,[3] he was not an agent acting on behalf of an undisclosed principal. However, the evidence in the summary judgment record indicates that Veno disclosed that he was acting on behalf of Nash Equipment but did not disclose that he was acting on behalf of Nash & Sons (as defendants now assert).

Accordingly there is an issue of fact for trial as to whether Veno was acting on behalf of what the Second Restatement of Agency terms a "partially disclosed principal," see Estate of Saliba v. Dunning, 682 A.2d 224, 226 (Me. 1996); Restatement (Second) Agency § 321 (1958), and what the Third Restatement of Agency refers to as an "unidentified principal." Restatement (Third) Agency §§ 1.04(2)(c), 6.02 (2006). Since an agent can be liable on a contract entered on behalf of an "unidentified" principal, Veno is not entitled to summary judgment on Powers's contract claim.

---

[3] See section 3 below. Powers alleges Veno was also acting as an agent of Susan Nash individually, and that claim is addressed in section 4 below.

4

3. Role of Nash Equipment

It follows from the preceding discussion that there are disputed issues of fact as to whether Veno was acting as an agent for Nash Equipment or Nash & Sons or both. The evidence in the summary judgment record does not undisputedly establish that there is a clear line of demarcation between Nash & Sons and Nash Equipment. See Deposition of Susan Nash at 8-10, in which she inconsistently states that after the formation of Nash Equipment in January 2009, Nash & Sons did not do any business and had no equipment while at the same time asserting that Nash & Sons was the entity that repossessed the excavator.

Moreover, as noted above, although defendants contend that Veno was acting solely for Nash & Sons, evidence has been offered that Veno told Powers on February 12, 2010 that he acting on behalf of Nash Equipment. There is also evidence that the excavator was in the possession of Nash Equipment, rather than Nash & Sons, during the period from February 12, 2010 until Powers regained possession.

On this record there are disputed issues for trial as to whether either Nash Equipment or Nash & Sons or both engaged in a conversion of the excavator, whether either Nash Equipment or Nash & Sons or both entered into the alleged contract with Powers, and whether Veno was acting as a agent of either Nash Equipment or Nash & Sons or both when he allegedly defamed Powers.

Nash Equipment argues that the claims against it should be dismissed because the Law Court noted in its memorandum decision that "the parties correctly assert that Nash Equipment is not a proper party to this proceeding." Docket No. SAG-10-491, Mem. Dec. 11-10 (February 1, 2011). However, the only issue on the appeal before the Law Court involved the right to possess the excavator. To the extent that the parties

5

agreed that Nash Equipment was not a proper party to that action – because that action turned on the validity of the security interest allegedly possessed by Nash & Sons based on its UCC-1 filing statements – that does not mean that Nash Equipment did not engage or assist in converting the excavator. It also does not mean that Nash Equipment cannot be held liable on the other claims asserted in this action, including the breach of contract claim if a jury were to decide that a contract was formed between Powers and Nash Equipment.

### 4. Role of Susan Nash

In her motion for summary judgment Susan Nash has offered evidence that she was acting at all times as an officer of Nash & Sons and/or Nash Equipment and she contends that she may not be sued in her individual capacity. The only evidence that Powers has offered for the proposition that Susan Nash was acting in her individual capacity rather than on behalf of Nash & Sons and/or Nash Equipment is a letter in which Susan Nash states, inter alia, that "I repossessed my Caterpillar 312 excavator." This might create an issue of fact if the letter were not written on Nash Equipment stationery. Given the use of company stationery, the wording quoted above is insufficient to demonstrate the existence of a genuine issue for trial as to whether Susan Nash was acting on her own behalf.[4]

Accordingly, Susan Nash is entitled to summary judgment on all of the claims raised in the complaint.

---

[4] The same is true with respect to Powers's testimony that Veno told him he had been authorized by Susan Nash to offer $1000 for delivering the excavator. Where as noted above, Veno had informed Powers that he was acting on behalf of Nash Equipment, his identification of the company officer who had allegedly authorized the $1000 payment does not create an issue for trial as to whether the company officer in question was acting on her own behalf rather than on behalf of the company.

6

5. Conversion – Liability

To establish a claim for conversion, Powers must show (1) that he had a property interest in the excavator; (2) that he had the right to possess the excavator at the time of the alleged conversion; and (3) that he made a demand for the return of the property that was denied by the party responsible for the alleged conversion. Withers v. Hackett, 1998 ME 164 ¶ 7, 714 A.2d 798. A demand for return of the property only appears to be required if the holder of the property acquired possession rightfully. Mitchell v. Allstate Insurance Co., 2011 ME 133 ¶ 15, 36 A.3d 876. Whether defendants acquired the excavator rightfully is a disputed issue in this case.

Defendants make three arguments in support of their contention that Veno, Nash & Sons, and Nash Equipment are entitled to summary judgment dismissing Powers's cause of action for conversion.[5] First, they contend that Powers agreed to relinquish the excavator and therefore no conversion took place. On this issue, the summary judgment record demonstrates that there is a disputed issue of fact for trial as to whether Powers initially relinquished the excavator under protest, as he contends, or whether he willingly yielded the excavator. Moreover, even if Powers initially agreed to give possession of the excavator to defendants, the jury could find a conversion once Powers asserted his right to the excavator and defendants declined to give it back. See Restatement (Second) Torts § 237 (1965).

Defendants' second argument is that Powers never made a demand for the excavator. However, a demand would only be required if defendants acquired the excavator rightfully – which is a disputed issue for trial as set forth in the preceding

---

[5] As discussed in section 6 below, they also contend that Powers cannot show any damages resulting from the alleged conversion.

paragraph. Moreover, because Powers brought an action to recover possession of the excavator two days after he had relinquished possession, it is difficult to understand how defendants can make the argument that he never demanded return of the excavator. At a minimum there is an issue for trial on this issue.

Defendants' third argument is that they cannot be held liable for conversion because they had a reasonable belief that the two UCC-1 filings gave Nash & Sons a perfected security interest in the excavator. Under Restatement (Second) Torts § 244 (1965), however, a mistaken belief on the part of defendants that their UCC-1 filings gave Nash & Sons and/or Nash Equipment a security interest in the excavator is not a defense to an action for conversion. Accord, Mitchell v. Allstate Insurance Co., 2011 ME 133 ¶ 15, 36 A.3d 876. Moreover, while the Restatement also provides that a person may make a qualified refusal to surrender property in order to allow a reasonable opportunity to inquire as to whether the person making the demand has a right to immediate possession, Restatement (Second) Torts § 240(1) (1965), there is certainly a disputed issue for trial as to whether defendants' opposition to Powers's District Court action to recover the property would fall into the category of a qualified refusal to allow a reasonable opportunity for inquiry.


6. Conversion – Damages

Defendants argue that they are entitled to summary judgment on Powers's conversion claim because the record reflects that he did not incur any damage as a result of the alleged conversion. It is undisputed that Powers recovered the excavator approximately five months after the February 12, 2010 repossession, and defendants have established that Powers did not have to forego any excavation work during the period when Nash & Sons and/or Nash Equipment were in possession of the excavator.

8

Under the Restatement, the amount of damages for conversion of property is diminished if the person entitled to possession recovers the property. Restatement (Second) Torts § 922(1) (1979). Under the circumstances of this case, Powers would not be entitled to recover the full value of the excavator at the time of the conversion, and Powers has not offered evidence that the value of the excavator at the time he regained possession was less than its value on February 12, 2010. Consequential damages including lost earnings may be available under some circumstances, although the summary judgment record appears to eliminate the possibility of lost earnings in this case.

On summary judgment, however, it is the moving party's burden to demonstrate that there are no disputed issues of fact for trial. In this case defendants have not demonstrated that Powers did not incur any damages as a result of the alleged conversion. At a minimum Powers appears to have incurred attorneys fees and costs in prosecuting his District Court action to recover possession of the excavator, and this is sufficient to preclude summary judgment on Powers's conversion claim.[6]

At the same time, the court is not aware of any authority for the recovery of damages for emotional distress in an action for conversion, and it therefore appears that Powers would be limited to recovery of economic damages on that claim.

7. Defamation

Defamation consists of (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault amounting to at least

---

[6] Powers did not offer evidence of such costs in his summary judgment papers. Because defendants did not assert in their statements of material facts that Powers had not incurred any damages of any kind, Powers was not obliged to offer evidence as his legal costs and other expenses resulting from the alleged conversion.

9

negligence on the part of the person making the publication; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. Rice v. Alley, 2002 ME 43 ¶ 19, 791 A.2d 932, citing Lester v. Powers, 596 A.2d 65, 69 (Me. 1991). See Restatement (Second) Torts § 558 (1977).

Defendants' motion for summary judgment with respect to the defamation claim is directed to the fourth element: whether there is a disputed issue for trial as to the existence of special harm or whether the alleged statement, if proven, would be actionable irrespective of the existence of special harm. Under the Restatement, a statement imputing that someone has committed a theft would be actionable without proof of special harm. See Restatement (Second) Torts § 571 (1977). Maine law appears consistent with the Restatement on this issue. See Cohen v. Bowdoin, 288 A.2d 106, 110 (Me. 1972).[7]

Accordingly, there is a disputed issue for trial in connection with Powers's claim of defamation.

8. Civil Rights Claims

In order to recover under the Maine Civil Rights Act, a plaintiff must demonstrate that the defendant intentionally interfered or intentionally attempted to interfere with the exercise or enjoyment of constitutional or statutory rights by (1) physical force or violence or the threat thereof, (2) damage or destruction of property or

---

[7] In cases where the alleged defamation did not directly impute that the plaintiff had engaged in conduct constituting a criminal offense, the Law Court has focused on whether the statement reflected on the plaintiff's business or profession. E.g., Marston v. Newavom, 629 A.2d 587, 592 (Me. 1993). Because the alleged statement made by Veno directly imputed that Powers had committed a theft (a crime of moral turpitude punishable by imprisonment), the court concludes that the Law Court would follow § 571 of the Restatement and would not require that the statement involve Powers's business or profession.

the threat thereof, or (3) trespass on property or the threat thereof. 5 M.R.S. § 4682. The undisputed facts establish that there is no factual dispute for trial with respect to any use or threat of physical force or violence, damage or destruction of property, or trespass. Defendants are therefore entitled to summary judgment with respect to Powers's claims under the Maine Civil Rights Act.

Defendants are also entitled to summary judgment with respect to Powers's claims under section 1983. A claim under section 1983 does not lie absent state action. Alexis v. McDonald's Restaurants of Mass., Inc., 67 F.3d 341, 351 (1st Cir. 1995). Where only private parties are sued under section 1983, there must be a showing that the private parties acted jointly with a state official in depriving plaintiff of his civil rights or that the private parties obtained significant aid from a state official. Alexis, 67 F.3d at 351; Holland v. Sebunya, 2000 ME 160 ¶ 12, 759 A.2d 205.

In this case it is undisputed that, according to Powers, the sheriff who accompanied Veno to the Powers residence on February 12, 2012 limited his involvement to stating that he was there "to keep the peace" and to asking about the presence of guns or other weapons and whether anyone was prone to violence. Plaintiff's Response to Statement of Material Facts on behalf of defendants Veno and Nash & Sons ¶ 2. This is insufficient to create a disputed issue for trial as to whether the sheriff acted jointly with Veno in attempting to repossess the property or that the sheriff provided significant assistance to Veno. See Moore v. Carpenter, 404 F.3d 1043, 1046 (8th Cir. 2005).[8]

---

[8] Powers argues that he interpreted the presence of the sheriff as assistance to Veno. What matters in this context is not how Powers interpreted the situation but whether he has offered evidence that the sheriff actually assisted Veno or was acting jointly with Veno. Contrary to Powers's arguments, moreover, the sheriff's statement that he was just there to keep the peace is consistent with a finding that the sheriff was not taking sides in the dispute.

11

## 9. Negligence

The next issue is whether, based on the summary judgment record, Powers may pursue a claim for negligence against Veno, Nash & Sons, and Nash Equipment. Powers contends that the defendants owed him a duty not to act negligently with respect to the repossession of the excavator. Whether such a duty exists is an issue of law.

The duty of the defendants with respect to conversion is defined by the tort of conversion, which does not require a showing of negligence. The duty of the defendants with respect to defamation is defined by that tort, which does require fault amounting to at least negligence. In the court's view, defendant's duties are defined by those two torts (and with respect to the breach of contract claim, by the applicable principles of contract law). Under the circumstances of this case, there is no freestanding negligence claim upon which Powers can recover if he does not prevail on his tort claims for conversion and/or defamation at trial.

## 10. Punitive Damages

The remaining question raised on this motion is whether defendants are entitled to summary judgment dismissing Powers's claims for punitive damages. The Law Court has held that, in appropriate cases, summary judgment may be granted dismissing punitive damage claims if the court concludes that the alleged conduct does not meet the applicable requirements for such claims as matter of law. E.g., Gayer v. Bath Iron Works, 687 A.2d 617, 622 (Me. 1996). Indeed, in a case where – as on summary judgment – the facts had to be construed in the light most favorable to the plaintiff, the Law Court ruled that even fraudulent conduct that may be worthy of condemnation does not rise to the level of outrageousness justifying punitive damages. Boivin v. Jones & Vining, Inc., 578 A.2d 187, 189 (Me. 1990).

12

In this case Powers has not advanced evidence generating a disputed issue for trial as to whether it could be found by clear and convincing evidence that either defendants' actions with respect to the alleged conversion or Veno's statement constituting the alleged defamation were motivated by ill will or were so outrageous that ill-will should be implied. See Gayer v. Bath Iron Works, 687 A.2d at 622. Accordingly, summary judgment is granted dismissing Powers's punitive damage claims.

The entry shall be:

Defendant Veno's motion for summary judgment is granted as to plaintiff's claims for intentional infliction of emotional distress, violation of the Maine Civil Rights Act, violation of 42 U.S.C. § 1983, and negligence but is denied as to plaintiff's claims for conversion, breach of contract, and defamation.

Defendant Nash Equipment's motion for summary judgment is granted as to plaintiff's claims for intentional infliction of emotional distress, violation of the Maine Civil Rights Act, violation of 42 U.S.C. § 1983, and negligence but is denied as to plaintiff's claims for conversion, breach of contract, and defamation.

Defendant Nash & Sons's motion for summary judgment is granted as to plaintiff's claims for intentional infliction of emotional distress, violation of the Maine Civil Rights Act, violation of 42 U.S.C. § 1983, and negligence but is denied as to plaintiff's claims for conversion and defamation.[9]

The motion by defendants Veno, Nash & Sons, and Nash Equipment for summary judgment dismissing plaintiff's claims for punitive damages is granted.

Defendant Susan Nash's motion for summary judgment is granted in all respects, and the complaint is dismissed as against her.

The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

---

[9] Nash & Sons did not seek summary judgment on the contract claim, and that claim survives against Nash & Sons as well.

Dated: June _25_, 2012

_____
Thomas D. Warren
Justice, Superior Court

14

---------------------------------------------------------------------------------

01 0000007689          DRISCOLL, SUSAN B
    62 PORTLAND RD, KENNEBUNK ME 04043
    F     NASH EQUIPMENT INC                        DEF      RTND    03/28/2011
    F     SUSAN CAMILLE NASH                         DEF      RTND    03/28/2011

02 0000003889          IRWIN, THEODORE JR
    183 MIDDLE STREET FOURTH FLOOR PO BOX 7030 PORTLAND ME 04112-7030
    F     TOBY VENO                                  DEF      RTND    03/17/2011
    F     EDDIE NASH AND SONS INC                    DEF      RTND    03/23/2011


03 0000001344          CAMPBELL, ANDREWS B
    919 RIDGE ROAD BOWDOINHAM ME 04008
    F     ARTHUR POWERS                              PL       RTND    02/24/2011