STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-20-371

CAMERON WISEMAN,

Plaintiff

v.

ORDER

LORI DEPETER, et al.,

STATE OF MAINE
Cumberland, ss, Clerk's Office

APR 2 2 2022  2:21PM

RECEIVED

Defendants

This case arises from injuries incurred by plaintiff Cameron Wiseman in an auto accident when he was a passenger in a car driven by defendant Charles Raybine on December 4, 2011. Wiseman originally sued Raybine, Lori DePeter (parent of Raybine),[1] William Onorato (the owner of the car driven by Raybine), and the Geico Insurance Company.[2]

Cameron's claims against Onorato, as stated in the second amended complaint, consist of a generalized and unspecified claim of negligence, a generalized and unspecified claim of gross negligence/reckless on which punitive damages are sought, and claims of negligent supervision and negligent entrustment of Onorato's automobile.

Before the court are two motions: (1) a motion for summary judgment by defendant Onorato and (2) a motion by Cameron Wiseman to amend his complaint to assert a new theory of recovery against Onorato. The two motions are interrelated, because the new theory asserted in the

---

[1] The claim against DePeter has been settled, and DePeter was dismissed as a defendant on February 23, 2022.

[2] The claims against Geico are based on UM coverage provided by Geico to Cameron Wiseman's parents, Cash and Jane Wiseman. Cash and Jane Wiseman are also parties to this case because defendant Raybine has filed a third-party complaint against them. In this order plaintiff Cameron Wiseman will be referred to as "Cameron," and Cash Wiseman will be referred to as "Cameron's father."

proposed amended complaint is essentially the basis on which Cameron Wiseman has opposed Onorato's motion for summary judgment.

Undisputed Facts

The facts set forth in Onorato's statement of material facts (Onorato SMF) are not disputed by Cameron.

Cameron was a minor at the time he was injured in 2011. On the evening prior to the accident Wiseman had hosted an event at his house while his parents were away. Cameron was driven to the event by Benito Onorato, defendant William Onorato's son. Cameron and others consumed alcohol at the event. Onorato SMF ¶¶ 3-5.

Early the next morning, while Benito Onorato was sleeping, Cameron and/or Raybine took Benito's car keys. It is undisputed that the keys were taken without Benito's knowledge or consent. Onorato SMF ¶¶ 6-7. Cameron and Raybine left the Wiseman residence in the Onorato vehicle, and Raybine drove the car into a tree, resulting in the injuries which are the basis of this lawsuit. Onorato SMF ¶¶ 1-2.

It is also undisputed that William Onorato had never given Raybine permission to operate the Onorato vehicle on December 4, 2011 or at any other time. Onorato SMF ¶ 8.

Plaintiff's New Allegations

In response to Onorato's motion Cameron submitted a statement of additional material facts based on an affidavit Cameron's father. Specifically, the affidavit of Cameron's father stated that when the Wisemans left town for the weekend of December 3-4, 2011, Cameron's father had left Cameron in the care of William Onorato and had trusted Onorato to supervise his son. The

2

affidavit states Onorato had expressly and voluntarily undertaken to supervise Cameron at Onorato's home that weekend. In his affidavit Cameron's father also states that he had not given Cameron permission to return to his home unsupervised and had not given Onorato permission to allow Cameron to return to his home. Plaintiff's Statement of Additional Material Facts ¶¶ 1-6.

Accordingly, Cameron argued, summary judgment should be denied because there was a factual dispute for trial on whether Onorato had breached a duty to supervise Cameron while his parents were away. This claim was not raised in Cameron's complaint. While Cameron had alleged a negligent supervision claim in the complaint, that was based on an alleged failure by Onorato to supervise his son Benito. *See* Second Amended Complaint ¶ 32.

Cameron's opposition to summary judgment was filed on December 9, 2021. Subsequently, on December 20, 2021 Cameron filed a motion to amend his complaint to allege that Onorato had negligently failed to supervise Cameron for whom he had allegedly assumed care and custody. *See* Proposed Third Amended Complaint ¶ 12, 27, 34-36.

## Motion to Amend

Ordinarily a trial court should first address motions to amend before considering dispositive motions. *Paul v. Town of Liberty,* 2016 ME 173 ¶ 7, 151 A.3d 154.

The existing deadline for amendment of pleadings was November 15, 2021.[3] Cameron raised his new negligent supervision argument approximately three weeks later. Because this case, like all civil cases, has been substantially delayed due to the pandemic and is unlikely to be reached

---

[3] Scheduling order dated November 8, 2021. A subsequent scheduling order was entered on February 24, 2022 but that order did not amend the deadline for amending pleadings.

3

for trial for some time, Cameron's motion to file his third amended complaint will not be denied based on the deadline.

A motion to amend shall be freely granted when justice so requires. M.R. Civ. P. 15(a). Motions to amend may be denied in the event of bad faith, undue delay, undue prejudice to the opposing party, or futility of amendment. *Paul v. Town of Liberty*, 2016 ME 173 ¶ 9. In this case there is no evidence of bad faith and there has not been undue delay. There has been some prejudice to Onorato – the injection of a new claim after he filed for summary judgment – but this does not constitute "undue" prejudice given that the discovery deadline has not passed and Onorato's ability to defend the new claim has not been compromised in any way.

A second issue with respect to Cameron's motion to amend is whether his proposed amendment relates back to his initial complaint pursuant to M.R. Civ. P. 15(c)(2). Onorato argues that because the initial complaint was filed one day before the statute of limitations expired,[4] the new claim against him is barred by the statute of limitations.

Under Rule 15(c)(2) an amendment to a complaint relates back to the original pleading if the claim in the amended complaint arose out of the conduct, transaction, or occurrence set forth in the original pleading. Under the comparable federal rule, amended claims relate back if a common core of operative facts unites the original and newly asserted claims. *Mayle v. Felix*, 545 U.S. 644, 659 (2005). In this case the new claim against Onorato arises out of the same common core of operative facts in the original complaint – the party held at the Wiseman residence in the absence of the Wiseman parents followed by the injuries sustained by Wiseman when Raybine drove into a tree.

---

[4] Cameron's injuries were sustained on December 4, 2011. The statute of limitations was tolled until he turned 18 on September 2, 2014, and the initial complaint was filed on September 1, 2020.

Summary Judgment

Although Cameron's motion to amend shall be granted, his third amended complaint continues to include, in addition to his new negligent supervision claim against Onorato, his pre-existing claim of gross negligence and recklessness against Onorato.[5]

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Mahar v. StoneWood Transport,* 2003 ME 63 ¶ 8, 823 A.2d 540. The facts must be considered in the light most favorable to the non-moving party. *Id.* Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Kenny v. Department of Human Services,* 1999 ME 158 ¶ 3, 740 A.2d 560.

The court finds that Onorato is entitled to summary judgment on Cameron's claim for gross negligence and recklessness. There is no separate cause of action for gross negligence and recklessness in Maine, and plaintiff appears to have alleged that Onorato acted with gross negligence or recklessness in order to claim punitive damages. In order to be entitled to punitive damages, a plaintiff must prove by clear and convincing evidence that the defendant acted with malice – that his conduct was motivated by ill will or that he engaged in deliberate conduct so

---

[5] The proposed third amended complaint no longer asserts claims that Onorato negligently failed to supervise his son Benito and that he negligently entrusted his vehicle to Raybine.

5

reprehensible that malice can be implied. *Waxler v. Waxler,* 1997 ME 190 ¶ 15, 699 A.2d 1161. Nothing in Cameron's statement of additional material facts or in the affidavit of Cameron's father would remotely rise to the level of creating a disputed issue for trial as to whether Onorato acted with malice.

The Law Court has held that, in appropriate cases, summary judgment may be granted dismissing punitive damage claims if the court concludes that the alleged conduct does not meet the applicable requirements for such claims as matter of law. *E.g., Gayer v. Bath Iron Works,* 687 A.2d 617, 622 (Me. 1996). This is such a case.

## Future Proceedings

Ordinarily parties are not entitled to file more than one motion for summary judgment. Because Onorato has been presented with a new theory of liability after he filed for summary judgment, this case is an exception. As it stands, Cameron's proposed amended complaint states a claim against Onorato under Restatement Second of Torts § 314A(4). *See Bell v. Dawson,* 2013 ME 108, 82 A.3d 827. However, the record is silent on issues including but not limited to whether Onorato was warned that Cameron did not have permission to return to the Wiseman residence, whether Onorato was aware of potential risks if Cameron returned to his residence, and whether Onorato knew that Cameron had in fact returned to the residence,

Onorato may, therefore, file a further motion for summary judgment if he believes he has a basis to do so.

The entry shall be:

1. Plaintiff's motion to amend is granted and his proposed Third Amended Complaint is accepted for filing, subject to the dismissal of the gross negligence and reckless claim

6

(Count II) against defendant Onorato. Defendants shall have 21 days in which to file answers to the third amended complaint.

2. Defendant Onorato's motion for summary judgment is granted as to the gross negligence and recklessness claim set forth in Count II of the Second Amended Complaint and reiterated in Count II of the Third Amended Complaint. Defendant Onorato's motion for summary judgment is moot as to plaintiff's original claims that Onorato negligently supervised his son Benito and negligently entrusted his vehicle to defendant Raybine because those claims have been withdrawn in the third amended complaint.

3. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: April 22 , 2022

Thomas D. Warren
Active Retired Justice, Superior Court

Entered on the Docket: 04|22|22

Plaintiff-Jeffrey Bennett, Esq.
Def DePeter-John Veilleux, Esq.
Def Raybine-Matthew Libby, Esq.
Def Onorato-Stephen Bell, Esq.
Def Geico-Clara Lyons, Esq.
3rd Party Defs-J William Druary, Esq.

7

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-20-371

CAMERON WISEMAN,

Plaintiff

v.

ORDER ON MOTION TO DISMISS

LORI DEPETER, WILLIAM
ONORATO, CHARLES RAYBINE
AND GEICO GENERAL INSURANCE
COMPANY

Defendants

The matter before the court is defendant Geico General Insurance Company's ("Geico")

motion to dismiss plaintiff Cameron Wiseman's (" Wiseman") claims against it. For the following

reasons, the motion will be denied.

Factual Background

This case arises out of an automobile accident that occurred on December 4, 2011. (Compl.

¶ 7.) Wiseman was a passenger in a vehicle being operated by defendant Charles Raybine. (Id.)

As a result of defendant Raybine's allegedly improper driving, the vehicle crashed into a tree and

rolled over, causing plaintiff serious injuries. (Id. ¶¶ 8, 14.) Wiseman and defendant Raybine were

both minors at the time of the accident. (Id. ¶ 7.) Plaintiff brought a complaint against all of the

defendants on September 1, 2020. Plaintiff alleges, in addition to defendant Raybine's conduct,

that he had been harmed by defendant William Oronato, who plaintiff alleges owned the vehicle,

for negligently entrusting the vehicle to defendant Raybine. (Id. ¶¶ 7-8.) Plaintiff further alleged

that defendant Lori DePeter ("Ms. DePeter"), defendant Raybine's parent, was aware of defendant

Raybine's propensity for improper driving and failed to adequately supervise him. (Id. ¶¶ 2, 13.)

Plaintiff–Jeffrey Bennett, Esq.
Def DePeter–John Veilleux, Esq.
Def Raybine–Matthew Libby, Esq.
Def Onorato–Stephen Bell, Esq.
Def Geico–Clara Lyons, Esq.

1



Finally, Wiseman alleges that he is entitled to uninsured and/or underinsured motorist coverage pursuant to a Geico policy that was in place at the time of the accident. (*Id.* ¶15.)

Based on the filings before the court, plaintiff has yet to complete service on defendant Geico. (Mot. Dismiss ¶ 26; Opp. ¶ 21.) After filing the lawsuit, plaintiff's attorney searched the term "Geico" on Maine's Department of the Secretary of State, Bureau of Corporations, Elections and Commissions, Corporate Name Search. (Opp. ¶ 2.) This search only turned up one result, which listed Melissa H. Murphy, Esq. as the registered agent. (*Id.* ¶¶ 2-3.)

Wiseman's counsel wrote to Attorney Murphy and asked her to accept service. (*Id.* ¶ 4.) Attorney Murphy replied that Geico had surrendered its foreign authority in Maine and she was no longer the agent. (*Id.* ¶ 5.) Wiseman then filed a motion requesting an enlargement of time to file a Return of Service for defendant Geico on December 11, 2020. On the same day, Wiseman's counsel, Jeffrey Bennett, Esq., received a phone call from Geico's counsel, Clara E. Lyons, Esq., informing Attorney Bennett that Geico had retained Attorney Lyons to defend it. (*Id.* ¶ 10.)

On January 22, 2021, Attorney Bennett's firm emailed Attorney Lyons asking if Geico would permit her to accept service. (*Id.* ¶ 11.) Attorney Lyons replied on January 25, 2021, informing Attorney Bennett that Geico refused to accept service. (*Id.* ¶ 12.) Plaintiff filed a motion to enlarge the service deadline on the same day. (Mot. Dismiss ¶ 22.) Plaintiff asked the court for more time so that he could serve Geico in Delaware, which he asserted was Geico's state of incorporation. (Mot. Enlarge Time ¶ 3.) The court granted the motion and plaintiff served Corporation Trust Company in Wilmington, Delaware on February 24, 2021. (Mot. Dismiss ¶ 24.)

It is unclear from the record what relationship Corporation Trust Company has to defendant Geico. Regardless, Corporation Trust Company forwarded the paperwork to defendant Geico when plaintiff attempted to serve process on it. (*Id.*) These papers named "Geico Insurance

2

Company" as the defendant in this action, when the correct name is technically "Geico General Insurance Company." (*Id.*) Geico General Insurance Company is an active insurance company in the State of Maine and maintains a Maine agent for service of process in Portland, Maine. (*Id.* ¶ 19.) As a result of all of this confusion, defendant Geico filed a motion on March 17, 2021, asking the court to dismiss the claims against it on the basis that it was never properly served.

Standard

M.R. Civ. P. 3 states that when a civil action is commenced by filing the complaint, "the return of service shall be filed with the court within 90 days." If the return of service is not timely filed, the action may be dismissed on motion or notice. *Id.* The rules do not mandate dismissal when there is no effective service; the court must consider all relevant facts when exercising its discretion whether to dismiss the complaint. *Maguire Constr., Inc. v. Forster*, 2006 ME 112, ¶ 10, 905 A.2d 813. "[A]ctual notice is the ultimate goal of any form of service, the discovery of a technical defect in service will not ordinarily negate the notice when actual notice is accomplished." *Phillips v. Johnson*, 2003 ME 127, ¶ 24, 834 A.2d 938.

Discussion

Defendant Geico's motion is based on a number of technical defects in service that stem from Attorney Bennett's confusion as to the identity of the named defendant, its location and where its agents can be found. Service was ultimately made on Corporation Trust Company, which appears to be an agent for Geico Insurance Company, rather than Geico General Insurance Company, the named defendant in this action. Therefore, effective service has yet to be made on defendant Geico. However, the undisputed factual record also shows that Geico had actual notice of the lawsuit as early as December 11, 2020. Attorney Lyons contacted Attorney Bennett on December 11, communicating that Geico had retained her to defend it in this action. Geico

3

clearly had knowledge of the action when it retained Attorney Lyons. Defendant Geico also refused to accept service through Attorney Lyons, so the resulting delay is largely a product of their own insistence that they be served in a more formal manner. Finally, even if Corporation Trust Company is not a registered agent of defendant Geico, defendant Geico acknowledges that the paperwork served on Corporation Trust Company was forwarded to it. (Mot. Dismiss ¶ 24.)

In light of all of the factors, it is clear that defendant Geico has had actual notice of this lawsuit for several months and a significant portion of the blame for the delay in effective service is due to its own actions. Therefore, the court finds that the technical deficiencies in service do not warrant a dismissal.

The entry is

> Defendant Geico General Insurance Company's Motion to Dismiss is DENIED.
>
> The Clerk is directed to enter this order into the docket by reference pursuant to M.R.Civ.P. 79(a).

Date: June 4, 2021

Harold Stewart, II
Justice, Superior Court

**Entered on the Docket:** 06/08/21

mc ✓

4