# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3144

_____

Roger Moore,                                    *
                                                *
                    Appellant,                  *
                                                *       Appeal from the United States
        v.                                      *       District Court for the Eastern
                                                *       District of Missouri.
Kenneth Carpenter, in his individual            *
and official capacity; City of Poplar           *            [PUBLISHED]
Bluff; Joe Ward,                                *
                                                *
                    Appellees.                  *

_____

Submitted: April 15, 2005
    Filed: April 21, 2005

_____

Before LOKEN, Chief Judge, FAGG and BYE, Circuit Judges.

_____

PER CURIAM.

Roger Moore verbally contracted with Harry Jackson to buy a boat, motor, and trailer for $2000. Moore paid $500 down, agreed to pay the balance in monthly installments of $137 for twelve months, and took possession of the property. Jackson later sued Moore in small claims court alleging Moore had failed to pay. Jackson sought the property's return or full payment. Moore produced receipts showing his payments, and the court ruled in Moore's favor. Jackson then went to the Poplar Bluff Police Department seeking aid in repossessing the property from Moore. Officer Sutton told Jackson he could not help repossess the boat because the court

had ruled against Jackson. About two weeks later, without notifying the authorities, Jackson went to Moore's home to repossess the property himself. See Mo. Rev. Stat. § 400.9-609 (allowing secured party to repossess property without judicial process if peace is not breached); Browning v. White, 940 S.W.2d 914, 922 (Mo. Ct. App. 1997). Moore's wife resisted and called the police.

City of Pine Bluff officers Kenneth Carpenter and Joe Ward responded to a radio call concerning a disturbance of the peace at the Moore residence. When they arrived, Moore's wife was screaming and stating Jackson had assaulted her. She told the officers Jackson had cut the chain securing the boat and trailer on her premises, and was going to take them away. Jackson told the officers Moore was behind on his payments and he was repossessing the property. Jackson had already backed his van into the Moore's driveway and was preparing to hitch the boat and trailer to the van. Moore arrived and went inside to retrieve the small claims court order. He contends the boat was not hitched to the van when he arrived. Moore returned and showed officers Carpenter and Ward the state court order showing Moore owed Jackson no money, but the fill-in-the-blank judgment did not refer to a boat, trailer, or motor. To end the disturbance, the officers concluded Jackson should leave the premises. Before ordering Jackson to leave, the officers ran the license plate on the boat and learned Jackson held the boat's title. After charging Jackson with assault, property damage, and trespass, officers Carpenter and Ward told Jackson to leave the premises. Moore contends officer Ward told Jackson to hook up the boat, and the officers contend the boat was already hooked to Jackson's van when they arrived. Jackson took the boat when he left.

Moore later filed a state court action in Missouri against the Poplar Bluff Police Department and officers Carpenter and Ward. Moore alleged the officers had taken his boat without his permission. The state court ruled in favor of the defendants, finding Jackson's name was on the boat's title and was the boat's owner under Missouri law, a bank held a lien in Jackson's name but the bank was not the owner,

the trailer license was in Jackson's name, the small claims judgment did not state who owned the boat, and the police had thoroughly investigated the dispute and reasonably concluded Jackson owned the boat. Moore then brought this federal civil rights action under 42 U.S.C. § 1983 asserting the officers deprived him of his property without due process. The district court[*] granted summary judgment to the officers on the bases of qualified immunity and issue preclusion. The court concluded the agreement was a form of contract for deed under which Moore had a protected property interest, but the officers could have believed their conduct was lawful.

Moore appeals arguing the officers were not entitled to summary judgment based on qualified immunity. When a defendant raises the qualified immunity defense on summary judgment, the court must first decide whether, "[t]aken in the light most favorable to the party asserting the injury, . . . the facts alleged show the officer's conduct violated a constitutional right." Saucier v. Katz, 533 U.S. 194, 201 (2001). If so, the court then considers whether that right was so clearly established that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 202; see Dixon v. Lowery, 302 F.3d 857, 861 (8th Cir. 2002).

The governing constitutional principles are well-established. Although Moore's claim to continued possession of the boat was in dispute, his possessory interest was protected against state action under the Fourteenth Amendment. Id. at 864; see U.S. Const. amend. XIV ("No State shall . . . deprive any person of . . . property without due process of law."). The Amendment does not protect against the conduct of private persons, such as Jackson. Blum v. Yaretsky, 457 U.S. 991, 1002 (1982). States are held responsible for private conduct only when the state has

_____

[*]The Honorable Lewis Blanton, United States Magistrate Judge for the Eastern District of Missouri, sitting by designation of the parties.

exercised coercion or significantly encouraged the conduct, not when the state has merely acquiesced in a private party's initiatives. Id. at 1004-05. When a police officer is involved in a private party's repossession of property, there is no state action if the officer merely keeps the peace, but there is state action if the officer affirmatively intervenes to aid the repossessor enough that the repossession would not have occurred without the officer's help. Marcus v. McCollum, 394 F.3d 813, 818-19 (10th Cir. 2004) (listing cases and factors); see Meyers v. Redwood City, No. 03-15872, 2005 WL 553148, at *5 (9th Cir. Mar. 10, 2005) (same); Dixon, 302 F.3d at 865-66.

Examining the totality of the circumstances, we conclude the officers were not so involved in aiding the repossession that the deprivation of the boat is state action. The officers were not asked to accompany Jackson to ensure the repossession went smoothly and they did not arrive with him. See Meyers, 2005 WL 553148, at *6; Marcus, 394 F.3d at 819; cf. Dixon, 302 F.3d at 865. Instead, they were summoned to a scene not of their making only to resolve a breach of the peace that was in progress. See Meyers, 2005 WL 553148, at * 6. Before the officers arrived, Jackson had gained access to the boat and was already in the process of repossessing it. The officers did not tell the Moores the repossession was legal or that they would be arrested if they interfered. Marcus, 394 F.3d at 819. Under the undisputed facts, we cannot say the officers helped Jackson enough that the repossession would not have occurred but for their assistance. See id.

Even if the officers went too far in sanctioning the repossession, there is no genuine issue of material fact about whether reasonable officers, standing in the shoes of officers Carpenter and Ward, could have believed their conduct was lawful in light of clearly established law and the information available to them. Missouri law limiting self-help repossession to situations in which a breach of the peace is avoided, Mo. Rev. Stat. § 400.9-609; Browning, 940 S.W.2d at 922, and federal law recognizing that an unlawful repossession can amount to state action under certain

-4-

circumstances, were both clearly established.  Marcus, 394 F.3d at 824.  It was not clearly established that the officers conduct under the precise circumstances of this case would amount to state action, however.  The law in this area "is particularly fact-sensitive," id. at 819, and "complicated," Meyers, 2005 WL 553148, at *5.  The officers were required to make a close decision in the midst of a repossession fracas and could not have determined they were becoming so entangled in Jackson's private self-help remedy that they could be held liable under § 1983.  See id. at *5, *8.  The officers had good evidence that Jackson had an ownership interest in the boat and needed to diffuse the volatile situation, which necessarily resulted in one of the parties possessing the property when the public peace was restored.  See id. at *8; Marcus, 394 F.3d at 824.  Because it would not be clear to a reasonable officer that his conduct was unlawful in the situation confronted here, officers Carpenter and Ward are protected by qualified immunity.  See Meyers, 2005 WL 553148, at *8.

Moore also contends the district court improperly granted summary judgment on the issue of issue preclusion.  According to Moore, his claim amounted to a civil rights action over which the small claims court lacked jurisdiction, and thus, the judgment is void.  We need not resolve this contention given our disposition on the qualified immunity issue.   Last, Moore does not challenge the grant of summary judgment to the City of Poplar Bluff, so we need not address it.

We thus affirm the grant of summary judgment to the officers and City.

_____