NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 22, 2018[*]
Decided July 5, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

Nos. 17-2123 & 17-3101

| | |
|---|---|
| BRENDA PARKER, | Appeals from the United States District |
|     *Plaintiff-Appellant*, | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
|     *v.* | |
| | No. 1:15-cv-00826-JMS-TAB |
| CAPITAL ONE AUTO FINANCE, INC., | |
| et al., | Jane Magnus-Stinson, |
|     *Defendants-Appellees*. | *Chief Judge*. |

**O R D E R**

Brenda Parker called the police after chasing down a tow-truck driver who had repossessed her car. She then sued the police officers, tow-truck driver, and the City of Indianapolis for taking her car without due process, and sued companies associated

---

[*] Defendant Mark Senesac was not served in the district court and is not participating in this appeal. We have agreed to decide this case without oral argument because the record and the participating parties' briefs adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

with her auto loan for violating federal consumer-protection statutes. The district judge dismissed most of Parker's claims and later entered summary judgment against Parker on her due-process claim. We affirm.

A tow-truck driver repossessed Parker's 2006 Ford Explorer on behalf of Capital One Auto Finance, the holder of her delinquent car loan. When Parker left her apartment and saw that her car was gone, she called 911 to report it stolen. While on the phone, she sprinted around the corner and saw the tow truck pulling away with her car. She started yelling for the driver, Mark Senesac, to stop, but he continued driving. Senesac did stop, however, when two Indianapolis police officers, David Loyal and Nikole Pilkington, arrived. Senesac showed the officers a document, supposedly an order from Capital One authorizing the repossession. In response, Parker raced back to her apartment to retrieve a document—a copy of her credit report that listed an automobile debt as "charged off"—that she said (erroneously, we should note) meant that she owed nothing.

According to the allegations in Parker's verified amended complaint, the officers then told her that Senesac had a "right" to take the car, but also that repossession was a "civil matter" in which they could not get involved. Parker asked to speak to a supervisor, so Sergeant Andrew Rolinson arrived and reiterated what Officers Loyal and Pilkington had already said—that Senesac had "a right to repossess the vehicle." And the officers and the sergeant each stated that Senesac's document was more recent than Parker's. Senesac then left with Parker's car.

After screening Parker's original and amended complaints, *see* 28 U.S.C. § 1915A, the district judge allowed her to proceed on the theories that (1) the three police officers violated her right to due process by assisting with an illegal repossession, (2) Senesac, by conspiring with the officers, also violated Parker's due-process rights, (3) the City of Indianapolis was liable for the officers' conduct under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and (4) Capital One and its affiliated entity Onyx Acceptance Corporation violated consumer-protection laws, including the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p. Senesac was never served, and so we do not discuss further Parker's arguments about his liability.

The district judge then entered a partial final judgment dismissing the claims against Capital One and Onyx, *see* FED. R. CIV. P. 54(b). The judge explained that the Fair Debt Collection Practices Act—which applies to "debt collectors" and not "creditors"—did not apply to the defendants because Parker had alleged that Capital One was her "creditor," which had referred her debt to a different entity for collection.

*See Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003). Parker later moved to vacate the dismissal and to amend her complaint to reinstate a claim under the Act, arguing that she now knew that Capital One was *not* her "legal creditor." The judge rejected that argument.

As relevant here, the judge then entered summary judgment in favor of the police officers and the City of Indianapolis on Parker's due-process and related *Monell* claims. The only way the officers could be liable for a private repossession, the judge explained, was if they had actively assisted or intervened in it. But the judge rejected Parker's view that the officers had actively assisted Senesac with the repossession. This also meant that the officers were entitled to qualified immunity, the judge concluded; the officers had not violated any clearly established constitutional or statutory rules against failing to stop a private repossession. Further, without any constitutional violation, the City also could not be liable under *Monell*.

Parker's arguments on appeal are confusing and often not supported by legal authority, but we construe pro se filings liberally and address her discernable arguments. *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017) (citing *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001)).

Parker argues that the police officers did not merely stand by during the repossession, but in fact "ordered" her to "relinquish ownership of her vehicle." There is a factual dispute, unacknowledged in the district court, concerning the extent of the officers' involvement in the repossession. Parker's amended complaint was verified under oath and thus constituted evidence that should have been construed in her favor at the summary-judgment stage. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017). In it, Parker alleged that Officers Loyal and Pilkington told her "that the tow truck driver ha[d] a right to the vehicle," and that the driver could "take the vehicle." And, Parker said, Sergeant Rolinson reiterated that the tow-truck driver "ha[d] a right to repossess the vehicle."

But even taking these facts as true, we conclude that summary judgment in favor of the officers was appropriate. Although the defendants have raised qualified immunity as a defense, we do not resolve the appeal on that ground, as the officers did not violate Parker's due-process rights. *See Plumhoff v. Rickard*, 134 S. Ct. 2012, 2020 (2014). A constitutional violation does not occur through the mere presence of a state actor. *See DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 196–97 (1989) ("Nothing in the language of the Due Process clause … requires the State to protect the life, liberty, and property of its citizens against invasion by private actors."). Rather, the

injury must be *caused* by the state action. *Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015) ("[M]ere inactivity by police does not give rise to a constitutional claim."); *Greco v. Guss*, 775 F.2d 161, 165 n.2, 167 (7th Cir. 1985) (defining "state causation" as "that the deprivation be caused by something attributable to the state or by someone for whom the state is responsible").

Here, Parker seeks to hold the officers liable for doing nothing beyond refusing to help her retrieve her car. The officers arrived because *Parker* called them, not Senesac. When they arrived, Senesac had already attached Parker's car to the tow truck and driven some distance away from her apartment. Thus, when the officers explained to Parker that Senesac had a "right" to take the car and that repossession was a "civil matter," they were not intervening; they instead were merely explaining why they could do nothing to help her. Under similar circumstances, the Eighth Circuit has found the "state causation" requirement lacking. *See Moore v. Carpenter*, 404 F.3d 1043, 1046 (8th Cir. 2005); *see also Meyers v. Redwood City*, 400 F.3d 765, 771–72 (9th Cir. 2005) (no constitutional injury where officers arrived to resolve breach of peace and explained debtor's choice of relinquishing car or being subject to citizen's arrest by repossessor). And the facts of this case are far from those in which a causal connection was found to exist. *See Hensley v. Gassman*, 693 F.3d 681, 691–92 (6th Cir. 2012) (officers intervened into repossession by ordering debtor away from car, breaking car window, and physically removing debtor); *Marcus v. McCollum*, 394 F.3d 813, 816–18, 821 (10th Cir. 2004) (jury could find intervention where officers told debtor to allow repossessor to take car, threatened arrest, and may have poked debtor in chest).

Parker next argues that the City is liable for the repossession under *Monell*. But, as the district court pointed out, "a municipality cannot be liable under *Monell* when there is no underlying constitutional violation by a municipal employee." *Sallenger v. City of Springfield*, 630 F.3d 499, 504 (7th Cir. 2010). Since the police officers did not violate Parker's constitutional rights, there can be no *Monell* claim against the City.

Parker also contests the dismissal of her claim under the Fair Debt Collection Practices Act, as well as the district judge's refusal to allow her to later amend her complaint to reinstate it. But, whether or not Capital One or Onyx is her "legal creditor," Parker did not plausibly allege that either company was a collector of debts "owed or due another." 15 U.S.C. § 1692a(6). Thus as the district court correctly concluded, Parker failed to state a claim under the Act, *see Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1724 (2017), and amending her complaint to reassert such a claim would be futile, *see Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009).

We have considered Parker's additional arguments and none merits further discussion. The judgment of the district court is AFFIRMED.